Coni Arlene Bynum HOLT, Appellant,

v.

Archie B. POWELL and Kathleen T. Powell, Appellees.

No. 671.

Supreme Court of Alaska.

Dec. 2, 1966.

---

Barry W. Jackson, Fairbanks, for appellant.

Edward R. Niewohner, of Boggess, Ingraham & Niewohner, Fairbanks, for appellees.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

This is an appeal from an order of the superior court denying appellant's petition for a writ of habeas corpus wherein she sought custody of her minor child.

Appellant is the mother of a child born November 15, 1955. In May 1956 appellant turned the child over to appellees to be cared for while she supported herself. Appellees took the child with them to Fair-

banks. The child was returned to appellant in October 1957 after appellant had employed counsel to assist her in recovering the child.

From early in 1959 to the latter part of that year the child was again returned to appellees due to an unfavorable environment at appellant's home. For a short period in the latter part of 1959 the child was with appellant, but her subsequent nervous condition resulted in the child being returned to appellees where he remained from then on.

In January 1961 appellees filed a petition for adoption in the superior court alleging that appellant had consented to the adoption of the child and, in the alternative, that appellant had wilfully abandoned the child. Appellant objected, contending that she had not consented nor had she abandoned the child.

The superior court entered an interlocutory order on April 27, 1961, finding that appellant had wilfully abandoned her child, thereby obviating the necessity of her consent to the adoption proceedings.[1] On July 7, 1961 the court entered a decree of adoption, but then vacated the decree to allow the appearance of the father of the child. An affidavit of the father, Albert Eugene Holt, was then filed which revoked all consents as to the custody of the child and demanded delivery of the child to appellant or one of appellant's attorneys.

Finally, on August 3, 1961 findings and conclusions were entered in which the court found that the father and mother had wilfully abandoned the child, that their consent to the adoption proceedings was unnecessary, and that appellees were entitled to a decree of adoption. An adoption decree was entered to that effect.

Appellant and the child's father appealed from the decree of adoption, but the appeal

1. AS 20.10.040 provides in part:
Consent for adoption of a minor is not required * * *
(4) from a parent whose wilful abandonment for a period of not less than 30 days preceding the filing of the petition is established in the adoption proceeding; but the parent shall be personally served with a copy of the petition and notice of hearing inside or outside the state not less than 20 days before the date of the hearing.

was dismissed on December 21, 1961 on appellees' motion for failure of appellant to file her brief within the time required by court rule.

In January 1965 the present petition for a writ of habeas corpus was filed. The superior court's memorandum opinion and order denying habeas corpus concluded that appellant, by collaterally attacking the adoption decree, had the burden of proof to show nonabandonment, which she failed to do. This appeal followed.

Appellant's first point is that the adoption decree was rendered without jurisdiction and is void. In the 1961 adoption proceeding the court found that the overwhelming preponderance of the evidence established a settled purpose in appellant's mind to forego all parental duties and responsibilities to her child "during the period of time involved herein from 1957 through January, 1960, which time is considerably in excess of the statutory period prescribed by the laws of Alaska, and therefore [she] has willfully abandoned her child." Appellant contends in substance that in order for the court to have jurisdiction to decree the child's adoption without appellant's consent, it was necessary under law that her wilful abandonment of the child be established for a period of "not less than 30 days preceding the filing of the petition"[2] for adoption, that this was not done because the petition for adoption was filed in January 1961 and the court found a wilful abandonment only through January 1960, and therefore, the court was without jurisdiction to enter an adoption decree without appellant's consent.

 If a judgment on its face appears to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is presumed unless disproved by extrinsic evidence or by the record itself.[3] With respect to adoption decrees, the decree itself raises a presumption of its validity and regularity; there is an implication that the court found facts necessary to sustain jurisdiction over the subject matter and the parties.[4] The burden is on the party attacking the decree to establish its invalidity.[5]

The court found that appellant had wilfully abandoned her child "during the period of time involved herein from 1957 through January, 1960, which time is considerably in excess of the statutory period prescribed by the laws of Alaska." There is an ambiguity in such finding. The limitation of "through January, 1960" implies that there was no finding of an abandonment after that date, which would mean that there had been no finding of an abandonment for 30 days immediately preceding the filing of the petition in January 1961. On the other hand, the words "in excess of the statutory period prescribed by the laws of Alaska" imply that there was a finding of abandonment for 30 days preceding the filing of the petition in January 1961, because that is the statutory period prescribed by AS 20.10.040(4).[6]

 We construe the ambiguity in such a way as to make the decree valid, rather than invalid, because of the presumption of validity which attaches to it. Thus, we construe the finding in question as not negating a finding that there was an abandonment of the child by appellant for a period of not less than 30 days preceding the filing of the petition for adoption in January 1961, and therefore we conclude that the court did have jurisdiction to enter the adoption decree without appellant's consent. The use of the year 1960 in the finding in question must have been, as the court suggested in ruling on the habeas corpus petition, a mistake.

2. Ibid.

3. Milliken v. Meyer, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278, 282 (1940).

4. In re List's Adoption, 418 Pa. 503, 211 A.2d 870, 873–874 (1965); In re Miner's Estate, 359 Mich. 579, 103 N.W.2d 498, 501 (1960).

5. Ibid.

6. Note 1 supra.

█ We hold that the superior court made a decision as to the requisite fact of abandonment as required by law. Since the decision was made in a proceeding where appellant was a party and had the opportunity to be heard, and where the jurisdictional question as to abandonment was in issue, such decision is res judicata as to that issue and is not subject to collateral attack by appellant in this habeas corpus proceeding.[7]

As her second point, appellant contends that she was deprived of due process of law because the failure of the court below to keep a record of the adoption proceedings prevented any appellate review.

█ Failure to keep a record of the proceedings did not deprive appellant of her right to appeal. She lost that right when after having initiated an appeal she failed to prosecute it in accordance with our rules and the appeal was dismissed on appellees' motion.

█ Appellant is making a collateral attack on the judgment of adoption. A collateral attack may be made only when the judgment is void.[8] A judgment is void where the state in which the judgment was rendered had no jurisdiction to subject the parties or the subject matter to its control,[9] or where the defendant was not given proper notice of the action and opportunity to be heard,[10] or where the judgment was not rendered by a duly constituted court with competency to render it,[11] or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.[12] None of those circumstances exist here. The failure to keep a record of the adoption proceedings is a procedural matter which does not in any way relate to the foregoing situations where a judgment would be void. If appellant on her appeal had been unable to prepare a statement of the evidence or proceedings pursuant to Supreme Court Rule 9(k),[13] then the normal procedure where there is no record or where it is inadequate to permit appellate review would have been to remand the case for a new trial. The dismissal of appellant's appeal for failure to comply with the rules removes all force from appellant's argument that the failure to keep a record of the adoption proceedings was error and that a new hearing on the petition for adoption was required.

As her third point, appellant contends that since she had been seeking legal relief continuously since her appeal was dismissed in 1961, the court below was incorrect in holding that the doctrine of laches was applicable to this case.

The court did not expressly hold that laches was applicable. In its memorandum

---

7. Stoll v. Gottlieb, 305 U.S. 165, 171–174, 59 S.Ct. 134, 83 L.Ed. 104, 108–109 (1938); Yanow v. Weyerhaeuser S.S. Co., 274 F.2d 274, 277 (9th Cir. 1959), cert. denied, 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960); City of Buffalo v. Plainfield Hotel Corp., 177 F.2d 425, 427 (2d Cir. 1949), cert. denied, 339 U.S. 942, 70 S.Ct. 795, 94 L.Ed. 1358 (1950); Restatement, Judgments § 68 (1942).

8. Restatement, Judgments § 11, comment b (1942).

9. Id. § 5.

10. Id. § 6.

11. Id. § 7.

12. Id. § 8.

13. Supreme Ct.R. 9(k) provides:
In the event no stenographic report or electronic recording of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence of proceedings from the best available means, including his recollection, for use instead of a stenographic or electronically recorded transcript. This statement shall be served on the appellee who may serve objections or proposed amendments thereto within ten (10) days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court from which the appeal is being taken for settlement and approval, and as settled and approved shall be included by the clerk of that court in the record on appeal.

opinion denying the petition for habeas corpus the court said:

> Respondent raises the defense of laches. This defense may have merit since for three (3) years the petitioner did very little to regain custody. It gains merit by consideration of AS 20.10.110 which applies a short period of limitations (six (6) months) to adoption decrees. By its language this statute bars even a parent with notice over whom the court did not have jurisdiction; and it should apply to a voidable decree for the same reason i. e. to insure a permanent parent-child relationship.

The real question presented and decided below was whether the decree of adoption was void. We agree with the superior court that it was not. It is unnecessary to decide whether the doctrine of laches is applicable. We do not read the court's memorandum opinion as invoking that doctrine, but as merely intimating that laches might possibly be a meritorious defense to appellant's application for a writ of habeas corpus.

Finally, appellant argues that the adoption decree is void as to her husband, the father of the child, because he was not given the required notice of the adoption proceedings, and that appellant may rely upon that invalidity to sustain her position that the decree is also void as to her.

 Appellant cites no authority for this proposition. We believe it has no merit. Although an adoption decree may not be binding upon a parent who was not a party to the proceeding or who was not given notice, the decree is binding upon the other parent who was a party or had been given the required notice.[14] The lack of validity of the decree as to one parent does not necessarily mean that it is void as to the other parent who was given the opportunity to appear and be heard. Assuming that the decree in this case is not binding upon the child's father due to a lack of notice, this will not benefit appellant,

the child's mother, who was a party to the adoption proceeding. The decree is valid and binding as to her.

In his separate opinion our colleague, Justice Rabinowitz, suggests that dismissal of appellant's initial appeal in the case of In the Matter of the Adoption of Gregory Lawrence Bynum, a minor, Supreme Court File No. 164, was unjust.

After notice to appellant the appeal was dismissed on December 21, 1961 for failure of appellant to comply with the rules of this court. It should be pointed out that at no time in the nearly five years which have now elapsed has the appellant or anyone on her behalf attempted to reinstate the appeal or to advise this court that the dismissal of the appeal was erroneous or improper or resulted in any injustice to appellant. We presume that had appellant entertained any such thoughts she would have brought them to the court's attention, which she has not done to this date.

The judgment denying the petition for a writ of habeas corpus is affirmed.

RABINOWITZ, Justice, separate opinion.

I have considerable doubt as to the justice of the court's disposition of this case. To a large extent the court's opinion is premised upon its December 21, 1961, dismissal of appellant's initial appeal. Assuming that the initial appeal was correctly dismissed, I am of the view that the court's opinion correctly disposes of the instant appeal. The focus of any reservations I entertain centers on the 1961 dismissal.

As the court points out, appellant's initial appeal "was dismissed on December 21, 1961 on appellees' motion for failure of appellant to file her brief within the time required by court rule." Examination of the record of the original appeal shows that the sole cause for the failure of appellant's counsel to perfect the appeal,

14. In re Smith's Estate, 86 Cal.App.2d 456, 195 P.2d 842, 849 (1948).

or to take any steps to protect her right to appellate review, was nonpayment of attorney's fees pertaining to the appeal. It is also uncontroverted that appellant misunderstood her counsel's request for payment in regard to the initial appeal.

At the time the original appeal was dismissed, this court's decision in Organized Village of Kake v. Egan [1] had been published for over a year. Involved in that case was a motion of counsel seeking permission to withdraw. In a per curiam opinion this court said:

> In the absence of substitution of other Alaska counsel, the showing made in support of the motion to withdraw is not sufficient. This court will always assume that Alaska counsel have made satisfactory arrangements for their compensation before taking on the responsibility of entering their appearance * * [2]

It is significant that appellant's counsel in the original appeal did not make a time-ly motion to withdraw as counsel of record, nor did they make a timely motion for extension of time within which to file an appeal brief.

In light of Organized Village of Kake v. Egan, the record in the original appeal and the rather complex and serious issues involved in this case, I would request further briefs from respective counsel in regard to the following questions: whether this court can, and as a matter of policy should, in the procedural context of the case at bar re-examine its prior disposition of appellant's original appeal; was the dismissal of the original appeal proper; assuming that the 1961 dismissal was erroneous should the matter then be remanded to the superior court for specific findings as to the laches issue.

It may well be that appellant has been justly deprived of her child, but I believe that a final determination should await resolution of the issues mentioned in this separate opinion.

1. 354 P.2d 1108, 1111 (Alaska 1960).

2. Also pertinent is the following portion of the opinion where, at 1110, it is stated:
 > In determining this motion the court must be guided by considerations additional to those concerned with the obligation of the client to pay his attorney what is due. Counsel entered their appearance on behalf of appellants in this court in December 1959. There were no reservations or conditions attached. From that time until quite recently the appeals lay dormant pending consideration of these cases by the United States Supreme Court, and at no time in this period of approximate-ly six months did counsel give any indication that they did not intend to carry the appeals in this court through to final disposition. It is only now—when for the first time since the appeals were initiated other steps must be taken to perfect the appeals—that counsel have notified the court of their intentions and wishes.
 
 See also Supreme Ct.R. 52 which provides:
 > These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.