Bruce A. Bookman, Anchorage, for appellant.

John R. Strachan, Anchorage, for appellee.

Ellis THOMAS, Appellant,

v.

Iva Jean THOMAS, Appellee.

No. 3296.

Supreme Court of Alaska.

Aug. 4, 1978.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

Ellis and Iva Jean Thomas were divorced in June, 1971. The divorce was partially contested with the issue in controversy being the rights of the parties to a piece of real property located at 1244 Hyder Street in Anchorage. After a hearing, the superior court found that the property was valued at $25,000, and that $9,400 was owed on a deed of trust. The court ordered that the $15,600 equity be divided between the parties, with Mr. Thomas retaining the property on the condition that he immediately execute a note secured by a deed of trust in Mrs. Thomas' favor in the amount of $7,800. The note was also to bear 6 per cent per annum interest and be paid in monthly installments of $100, with the first payment due in June, 1972.

In March, 1972, Mr. Thomas was arrested and later convicted of a felony for which he was sentenced to 20 years' imprisonment. At this time the note and the deed of trust had not been executed. In 1974, Mrs. Thomas moved, under Alaska Civil Rule 70,[1] to modify the decree. Pursuant to this

8. *See* note 5, *supra*, for the applicable text of *Peterkin v. State*, 543 P.2d 418, 424 (Alaska 1975).

1. Civil Rule 70 provides:

*Judgment for Specific Acts—Vesting Title.* If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time speci-

request, the superior court ordered the clerk to convey the property to Mrs. Thomas, subject to a note, secured by a deed of trust, in favor of Mr. Thomas.

Mr. Thomas then moved pursuant to Alaska Civil Rule 60(b)[2] to set aside this order. Mrs. Thomas, meanwhile, found a buyer for the property and moved the court to approve a partial assignment of the sale proceeds to Mr. Thomas. After a hearing on the two motions, the superior court denied the motion under Civil Rule 60(b) and granted the partial assignment of the sale proceeds. Mr. Thomas then appealed the denial of his Rule 60(b) motion to this court.

In considering motions under Civil Rule 60(b) we have repeatedly said:

The granting of relief from a judgment is addressed to the sound discretion of the trial court. That court's ruling will not be disturbed except upon a showing of an abuse of discretion, which would be the case only if we were left with the definite and firm conviction on the whole record that the judge had made a mistake . . .

*Gravel v. Alaskan Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967) (footnote omitted).[3] In this case, the superior court carefully considered the motion before it and refused to set aside the earlier order. We cannot find that this constituted an abuse of discretion by the superior court.[4] For this reason, the decision of the superior court

---

fied, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application of the clerk.

2. Civil Rule 60(b) provides:

*Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis and audita querela are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

3. *See also, Allen v. Bussell,* 558 P.2d 496, 502 (Alaska 1976), *Alaska Placer Company v. Lee,* 502 P.2d 128, 132 (Alaska 1972).

4. Mr. Thomas contended that the 1971 divorce decree was not modifiable because it was a property settlement. While property provisions of a divorce decree are final judgments and not modifiable for change of circumstances on the same basis as child support and alimony provisions, we find three fallacies in this argument. First, divorce decrees are part of the traditional equitable power of the court and are thus modifiable to the same extent as any other equitable decree. Second, as we noted in *Johnson v. Johnson,* 544 P.2d 65, 72 (Alaska 1975), courts have the power to modify decrees based on their inherent power to enforce their judgments. Third, Civil Rule 70 clearly gives the court power to "enter a judgment divesting the title of any party and vesting it in others . . ." Therefore, we find no error by the lower court in ordering the decree modified to give title to the property to Mrs. Thomas.

denying Mr. Thomas' motion under Rule 60(b) to set aside the previous order is AFFIRMED.