**Sharon Marie ALLEN, Petitioner,**

v.

**Steven Edward ALLEN, Respondent.**

**No. 6006.**

Supreme Court of Alaska.

June 4, 1982.

---

Daniel T. Saluri, Fairbanks, for petitioner.

C. R. Kennelly, Kennelly, Azar & Donohue, Fairbanks, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This case addresses whether the superior court properly modified a divorce decree as it relates to property rights.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sharon Allen obtained a default divorce from Steven Allen on April 16, 1980. The decree contained provisions giving Sharon custody of the couple's seven-year-old child, child support of $300 per month and certain property.

Steven was not in the state during the pendency of the divorce proceedings but was served with the complaint pursuant to Alaska's long arm statute[1] through certified mail on January 7, 1980, with return receipt dated January 24, 1980.

In March of 1981, Steven moved to set aside the decree under Civil Rule 60(b)(1) and (b)(2).[2] The superior court denied the motion under 60(b)(1) after an express find-

---

1. AS 09.05.015 reads in part:

    (a) A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure

    . . . .

    (12) in an action for annulment, divorce or separate maintenance when a personal claim is asserted against the nonresident party, if

    (A) the parties resided in this state in a marital relationship for not less than six consecutive months within the six years preceding the commencement of the action;

    (B) the party asserting the personal claim has continued to reside in this state; and

    (C) the nonresident party receives notice as required by law.

2. Civil Rule 60(b) provides in part:

    On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    . . . .

    The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

ing of no excusable neglect.[3] It suggested, however, that it could modify the property disposition under its inherent equitable powers. The court did grant a subsequently filed motion to modify the decree on May 6, 1981, citing as its reason:

Without reciting the history of this file, it is in the interest of justice that the defendant's motion to modify the decree as it relates to the disposition of property be granted.

Sharon now seeks reversal of the May 6 order on the ground that the trial court lacked the statutory authority to modify the property decree. We agree.

## II. MODIFICATION

■ The superior court improperly granted Steven's motion to modify the decree. The provisions of a decree adjudicating property rights, unlike provisions for child support, child custody or alimony,[4] constitute a final judgment not subject to modification. See O'Link v. O'Link, 632 P.2d 225, 228 (Alaska 1981); cf. Van Brocklin v. Van Brocklin, 635 P.2d 1186, 1189–90 (Alaska 1981) (property rights not adjudicated). Steven contends the property decree may be modified under AS 09.55.220. Plainly,

AS 09.55.220 does not give a court authority to modify a decree as it relates to property rights and, further, such authority is not given by any other statute.[5] The court has no inherent equitable power to modify property rights that are part of a final decree. Rather, the provisions of a decree adjudicating property rights are modifiable only to the extent that relief may be obtained from any other final judgment.

## III. CIVIL RULE 60(b)

■ The superior court, on April 8, 1981, heard the merits of Steven's 60(b) motion. The court specifically found that Steven could not be granted relief under (b)(1) for excusable neglect.[6] Steven knew of the divorce proceedings and provisions in the decree relating to property rights. He contacted two attorneys in the summer of 1980, and after consulting with them, indicated he did not want to pursue legal action any further. We will not overturn the superior court's finding of no excusable neglect absent a showing of abuse of discretion. McCracken v. Davis, 560 P.2d 771, 777 (Alaska 1977); Markland v. City of Fairbanks, 513 P.2d 658, 660 (Alaska 1973); Nordin Construction Co. v. City of Nome,

---

**3.** Steven presented no evidence on his 60(b)(2) claim that there was newly discovered evidence. Because he has failed to support his 60(b)(2) claim, that issue is waived. See State v. O'Neil Investigations, Inc., 609 P.2d 520, 528 (Alaska 1980); Lewis v. State, 469 P.2d 689, 692 (Alaska 1970).

**4.** Provisions for child support, child custody and alimony are subject to modification by statute. AS 09.55.220 provides:

Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or for the maintenance of either party to the action.

**5.** In his petition for review to this court, Steven has additionally claimed that AS 09.55.210(6) authorizes modification of a decree adjudicating property rights. AS 09.55.210(6) provides in pertinent part:

In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide
. . . .

(6) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the property of either spouse acquired before marriage when the balancing of the equities between the parties requires it; and to accomplish this end the judgment may require that one or both parties assign, deliver, or convey any of his or her real or personal property to the other party; . . . .

This statute gives a court the authority to adjudicate the parties' property rights during the divorce proceedings, or if the divorce decree is silent as to property rights, to later adjudicate them. It does not give a court authority to modify property rights that have already been adjudicated. See Van Brocklin v. Van Brocklin, 635 P.2d 1186, 1187 (Alaska 1981).

**6.** The superior court additionally determined that the doctrine of laches would operate against Steven's 60(b)(1) motion.

489 P.2d 455, 472 (Alaska 1971). Steven had an opportunity to seek relief under 60(b) in the summer of 1980 and did not. The record before us indicates no good reason for the delay in filing his 60(b) motion. Therefore, the superior court's finding of no excusable neglect was not an abuse of discretion and will not be overturned by this court.[7]

Since we have held that the superior court lacked statutory authority to modify the property decree and correctly denied Steven's motion for 60(b) relief, the superior court's order modifying the decree is REVERSED and the case REMANDED with instructions to the superior court to reinstate the original decree.

7. Rule 60(b)(1)–(3) is subject to two time constraints. The motion must be made within a reasonable time and in any event not later than one year from the date of final judgment. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2866, at 228 (1973). The determination of a reasonable time is within the court's discretion. One factor the court may use to determine reasonableness is whether there was prejudice to the other party caused by the delay. *Id. See also Carrethers v. St. Louis—S. F. Ry.*, 264 F.Supp. 171, 174 (W.D.Okl.1967); *Mach v. Pennsylvania Ry.*, 198 F.Supp. 473, 475 (W.D.Pa.1961). Another factor is whether the moving party had good reason for failing to take action sooner. *Perrin v. Aluminum Co. of America*, 197 F.2d 254, 255 (9th Cir. 1952); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2866, at 228–29 (1973).