Homer L. BURRELL, Jr., Appellant,

v.

Teresa BURRELL, Appellee.
(Two cases.)

Homer L. BURRELL, Jr., Appellant,

v.

Teresa Kimball Peterson
BURRELL, Appellee.

Nos. 6343, 6737 and 6937.

Supreme Court of Alaska.

March 9, 1984.

Homer L. Burrell, Jr., Anchorage, in pro. per.

Cabot Christianson, Baily & Mason, Christianson & Buckalew, Anchorage, for appellee.

OPINION

Before BURKE, C.J., RABINOWITZ, COMPTON, JJ., DIMOND, Senior Justice,* and SHORTELL, Judge.**

DIMOND, Senior Justice.

We are concerned here with three appeals that arise from the divorce proceeding of Homer Burrell and Teresa Burrell.[1] Homer Burrell sued for divorce from Teresa which was granted on March 18, 1974.

---

* Dimond, Senior Justice, sitting by assignment made pursuant to Art. IV, § 11, of the Constitution of Alaska.

** Shortell, Superior Court Judge, sitting by assignment made pursuant to Art. IV, § 16, of the Constitution of Alaska.

1. Case Nos. 6343, 6737 and 6937 were consolidated *sua sponte* for purposes of consideration and decision by this court on June 16, 1983.

2. The original Burrell Trust was created by Homer's parents, Homer Burrell, Sr. and Mary Burrell. Homer's one-fourth interest in an es-

Teresa appealed the divorce court's division of property, contending that the court erred when it failed to include Homer's one-fourth interest in the Burrell Trust[2] in the marital estate. We agreed and remanded the case so that an appropriate award of a portion of Homer's trust interest would be made to Teresa. *Burrell v. Burrell*, 537 P.2d 1 (Alaska 1975) [hereinafter cited as *Burrell I*]. After a second retrial and subsequent judgment entered in June 1979, Teresa was awarded a forty-five percent interest in all payments received by Homer as trust beneficiary after December 29, 1978.

*Case No. 6343*

I.

The first issue on appeal is whether the superior court has jurisdiction to hear a complaint against Homer as cotrustee of a trust, the corpus of which is located in California. Before the commencement of the second retrial Teresa filed a complaint naming as defendant "Homer L. Burrell, Jr., Personal representative of the Estate of Homer L. Burrell, Sr., and the Estate of Mary Viola Burrell, and cotrustee of the Homer L. Burrell, Sr.—Mary Viola Burrell Trust." The complaint alleged that Homer Burrell, Jr., as cotrustee of the Burrell Trust and as personal representative of the Burrell estates, owed Teresa fiduciary duties which had been violated to her injury. The complaint sought a money judgment equal to the value of Teresa's interest in the Burrell Trust.

■ The parties were notified that the suit would be dismissed for want of prose-

tate consisting of 400 acres of land in California vested in 1970 when he became 45. At the time we decided *Burrell v. Burrell*, 537 P.2d 1 (Alaska 1975), Homer's interest in the trust had not been distributed to him due to pending litigation concerning the value of the trust *res*. *Id.* at 3. It now appears that the trust assets are immediately distributable; however, Homer has agreed to continue to allow his interest to be held by the trustees of the original Burrell Trust for his benefit. When referring to the Burrell Trust in case No. 6737 we indicate the subsequent express trust created by Homer Burrell, Jr.

cution. *See* Civil Rule 41(e). Homer objected and asked for dismissal on the ground that the court lacked jurisdiction over the subject matter. The judge found that the complaint stated a cause of action for a personal judgment against Homer Burrell, a matter within the subject matter jurisdiction of the Alaska Superior Court. The judge therefore declined to dismiss for lack of jurisdiction and entered a dismissal for failure to prosecute the action. The court confirmed its ruling on rehearing. Homer appeals.

Homer contends that the Alaska Superior Court lacks jurisdiction over the corpus of a trust or estate that has no connection to this state. He argues that the subject matter of this lawsuit is the Burrell Trust and the Burrell estates consisting of land in California and that, since the court allegedly lacks jurisdiction over either the corpus of the trust or the estates, it lacks subject matter jurisdiction in this case.

It is patent that the complaint states a claim for relief against Homer personally. We do not agree that either the Burrell Trust or either of the Burrell estates is the subject matter of the complaint. They would be the subject matter for jurisdictional purposes only if this were an action against the estates or the trust, and the personal representative and the trustees were named in the action solely in their capacities as such.[3] The complaint, however, does not allege a debt owed by the estates or by the trust, but by Homer Burrell, Jr. Jurisdiction over the trust is not necessary for the action against Homer to proceed. The superior court therefore had subject matter jurisdiction and the only

question is whether Homer was properly made a party to the action.

■ Homer L. Burrell, Jr. is the named defendant. While it would have been better for the caption to recite specifically that Homer was being sued in his individual capacity, reference to his status does not preclude this action from being read as against him individually, given the operative language of the complaint. *See Crowe v. DiManno*, 225 F.2d 652, 653–54 (1st Cir. 1955). We hold that the superior court had subject matter jurisdiction and did not err by granting a dismissal for want of prosecution.

*Case No. 6737*

**II.**

In the second appeal, Homer appeals the superior court order denying his motion for retrospective modification of the divorce decree. The divorce decree provided that Teresa was to receive $800 per month for the next eight years, and $300 per month thereafter. Homer attacks this alimony award on three grounds. First, he contends that there has been a substantial change in circumstances which justifies elimination of his support payments to Teresa under AS 09.55.220.[4] Second, Homer argues that the obligation to pay alimony until Teresa dies or remarries constitutes slavery and involuntary servitude, in violation of the Thirteenth Amendment of the United States Constitution; Article I, section 1, of the Alaska Constitution, and 42 U.S.C. § 1994 (1976), which prohibits the holding of any person to service or labor under the system known as peonage. Third, Homer contends that the alimony decree violates equal protection because

---

**3.** Subject matter jurisdiction may be an issue in courts of limited jurisdiction, such as a federal district court or the Alaska District Court. The Alaska Superior Court, as a court of general jurisdiction, has been given statutory subject matter jurisdiction to determine claims relating to estates and trusts generally. *See* AS 22.10.-020. *See also, e.g., Mitchell v. Mitchell,* 655 P.2d 748 (Alaska 1982). Notwithstanding Homer's references to subject matter jurisdiction, it appears that his objection is to personal jurisdiction.

**4.** AS 09.55.220 (in 1983 renumbered as AS 25.-24.170) states in relevant part:

*Modification of judgment....* any time after judgment the court, upon the motion of either party, may·set aside, alter, or modify so much of the judgment as may provide for alimony ... or for the maintenance of either party to the action.

the obligation to pay alimony ceases when Teresa remarries but not when he remarries. For the reasons discussed below, we conclude first, that it is necessary to remand the case to the superior court for the limited purpose of allowing the court to make further findings of fact, and if warranted, enter an order modifying Homer's alimony obligation; and second, that the court is without jurisdiction to reach the merits of Homer's constitutional challenges to his alimony obligation.

### A. *Modification of the Support Order*

[3] We first address whether Judge Moody improperly refused to set aside Homer's alimony obligation. In *Curley v. Curley*, 588 P.2d 289, 291 (Alaska 1979), we held that "Generally, the rule is that a modification of a [child] support order may be obtained only where there has been a material and substantial change in circumstances occurring subsequent to the original order" and that "[t]he change ordinarily must be more or less permanent rather than temporary." (Footnotes omitted.) *See also Headlough v. Headlough*, 639 P.2d 1010, 1012 (Alaska 1982). The same standard applies in the case of a motion to modify an alimony order because, like a child support order, it requires careful consideration of the relevant circumstances of the parties.[5] *Accord Larson v. Larson*, 661 P.2d 626 (Alaska 1983). And, as in other family law areas where discretionary authority is involved, this court will not reverse the trial court absent a showing of an abuse of discretion. *Curley v. Curley*, 588 P.2d at 291 n. 3. *Accord Schoning v. Schoning*, 550 P.2d 373, 374 (Alaska 1976) (per curiam).

The appropriate benchmark from which to consider whether there has been a change of circumstances is the last time the issue of alimony and factors relevant to modification were actually considered. Teresa submits that the appropriate benchmark is the 1979 trial where Judge Moody redetermined the property division between the parties. Teresa asserts that Judge Moody determined the property division by considering the same factors that he would have had to consider if he were redetermining the alimony issue. The 1974 alimony award, however, was not in issue. A close review of the record shows that the last time a court actually considered the issue of alimony and factors relevant to modification was at the time of the original decree.[6]

The circumstances of the parties that prompted the superior court to award Teresa maintenance are adequately set forth in our opinion in *Burrell I*, 537 P.2d at 4–7. The only point that bears repeating is that at that time Teresa was under physicians' care for medical problems, which limited her ability to work.

There are indications that a material and substantial change in circumstances may have occurred since Teresa was first awarded maintenance by the court. The facts in this case, however, are for the greater part unverified, making it nearly impossible to assess accurately the respective positions that Teresa and Homer occupy. The record indicates that Teresa is fifty-seven years old and that her ailments have become increasingly worse. Because of her medical history she is unable to obtain major medical insurance, and a costly operation is forthcoming. Her available

---

5. AS 09.55.210 (in 1983 renumbered as AS 25.-24.160) provides in part:

> *Judgment.* In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide
> ....
> (3) for the recovery by one party from the other of an amount of money for maintenance, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault; ...

The legislative history of AS 09.55.210(3) reveals the intention to require that "an award of alimony to either party be based on a consideration of need, ability to earn a living (as affected by age or physical condition) and other appropriate factors." *See* 1967 House Journal 530.

6. Despite several motions by Homer regarding his alimony obligations, there is no indication that the trial court considered any of them except one regarding arrearages.

medical insurance will cover approximately twenty percent of the operation's costs. In years past, Teresa has worked as a real estate salesperson. Her average yearly earnings after taxes for the years from 1977 to 1981 were $6,149.24. Similar earnings in 1982 would barely cover the costs she must bear for her operation. Teresa has no dependents, and she is not eligible for retirement pay. Her assets include a one-fifth interest in a lot and cabin in Seldovia, an unsurveyed lot at Prator Lake, a vacant lot at Huntington Park, a vacant lot at Lakeview Terrace, her residence located at Wesleyan Drive, and her interest in any distribution to Homer as beneficiary of the Burrell Trust. Teresa is dependent on these assets and, although she fails to state their value, she claims, "a single major medical disaster could wipe me out."

Homer is fifty-seven years old, married, and also subject to ailments. Homer is a self-employed attorney. As of April 1981, his current monthly income was approximately $1,200, but he claimed debts of $20,-000, $14,000 of which he does not explain. His current alimony obligation is $500 per month. His wife is unemployed and ill. They own no real property. His major asset appears to be his interest in the Burrell Trust. Homer claims that the value of that interest is minimal.

There may indeed be reason to find that present circumstances justify a modification of Homer's alimony obligation. We are, however, unable to review those circumstances with any degree of certainty. The superior court did not make factual findings or articulate its reasoning with sufficient particularity to enable review of its holding. For example, the extent of Homer's interest as beneficiary of the Burrell Trust is central to the decision to grant or deny a motion to modify his alimony obligation, yet we do not find its valuation anywhere. Information concerning the value of Teresa's real estate holdings is also

necessary before an equitable decision may be reached. It is not supplied by the record. Therefore, we must remand this portion of the case to the superior court so that it may make further findings of fact and, if warranted, enter an order modifying Homer's alimony obligation.[7]

### B. *Constitutional Challenges to the Support Order*

■ Next we address Homer's contentions that (1) the obligation to pay alimony until Teresa dies or remarries constitutes slavery and involuntary servitude in violation of the Thirteenth Amendment of the United States Constitution; Article I, section 1, of the Alaska Constitution, and 42 U.S.C. § 1994 (1976) (which prohibits the holding of any person to service or labor under the system known as peonage), and that (2) the alimony decree violates the equal protection clause of the United States Constitution, Fourteenth Amendment, section 1, and Article I, section 1, of the Alaska Constitution, because the obligation to pay alimony ceases when Teresa remarries but not when he remarries.

We first discuss whether the superior court had jurisdiction to consider Homer's challenges. While Teresa did not address whether the superior court had jurisdiction to hear the request for a modification of support, subject matter jurisdiction may be raised at any stage of the litigation and if noticed must be raised by the court if not raised by the parties. *Stone v. Stone*, 647 P.2d 582, 584 n. 1 (Alaska 1982); *O'Link v. O'Link*, 632 P.2d 225, 226 n. 2 (Alaska 1981).

Homer relies on AS 09.55.220[8] as a basis from which he can challenge the order of support as unconstitutional. In effect, however, by claiming that the support order is unconstitutional, Homer is not seeking a modification; rather, he is seeking relief from a prior judgment.

---

7. Homer also presents the question whether an alimony obligation may be retroactively cancelled. We do not reach this question since we cannot say at this point, absent findings of fact,

that Homer is entitled to any relief at all from his alimony obligation.

8. *See* note 4, *supra*.

Therefore, Homer's appeal should not be viewed as a request for modification under AS 09.55.220, but as a request for relief from an order under Alaska Civil Rule 60 on the grounds that the award of alimony in general is an error as a matter of law, or alternatively, grossly inequitable in its application.

 Accordingly, the only provisions under which Homer arguably could seek relief from the support obligation are subsections (5–6) of Civil Rule 60(b).[9] The rule requires that motions seeking relief shall be made within a reasonable time. In deciding whether Homer has made a timely appeal on this issue, we refer back to the 1974 alimony award, which was the last time a court actually considered the issue of alimony and factors relevant to modification.[10] Homer has failed to appeal under Civil Rule 60. We conclude that, as a matter of law, a period of almost seven and one-half years is not a reasonable time within which to file a motion for relief under section (b)(5–6). Civil Rule 60 is not a substitute for a party failing to file a timely appeal; nor does it allow relitigation of issues that have been resolved by the judgment. *See generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2863 at 206 and § 2864 at 214 (1973); *Allen v. Bussell*, 558 P.2d 496, 501–02 (Alaska 1976). Accordingly, we find that Homer was barred from bringing these constitutional challenges before the superior court.[11]

### III.

 We next address whether a divorce court may require a spouse to maintain insurance on his life for the benefit of his former wife. The resolution to the ques-

---

**9.** Alaska Civil Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ....
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time.... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court.

**10.** The constitutional challenge was filed in October 1981. In deciding the timeliness, we do not consider Homer's appeal under AS 09.55.220 (now AS 25.24.170) to be proper or a viable substitute for a Rule 60 motion. Rather, we treat the record as void of the required motion.

**11.** We note that a challenge under Rule 60(b)(4), if properly brought by Homer, would not be subject to the same time constraints as a motion made under 60(b)(5) or 60(b)(6). Rule 60(b)(4) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ....
>
> (4) the judgment is void; ...

As stated in Wright & Miller, "[A] motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b).... [T]here is no time limit on an attack on a judgment as void." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862, at 197 (1973).

However, Homer does not attack the judgment as void. This court has previously stated what is meant by the term void:

> A judgment is void where the state in which the judgment was rendered had no jurisdiction to subject the parties or the subject matter to its control, or where the defendant was not given proper notice of the action and opportunity to be heard, or where the judgment was not rendered by a duly constituted court with competency to render it, or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.

*Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966) (footnotes omitted). *See also Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974) (judgment void if court lacked personal jurisdiction over defendant or if court acted in a manner inconsistent with due process of law). None of these circumstances are present. Accordingly, Homer's attack cannot be considered a motion made under Civil Rule 60(b)(4).

tion presented turns on how we characterize the nature of the court order. We conclude that the insurance policies were awarded as property, and that Homer is also barred from raising this issue due to his failure to file a timely appeal or to file a timely motion pursuant to Alaska Civil Rule 60(b). Accordingly, we decline to reach the merits of this issue.[12]

In reaching this conclusion, we first look to the property division by the court under the 1974 divorce decree.[13] This court had occasion to review the property decision in *Burrell I*.[14]

After remand of *Burrell I* by this court, the superior court's award of the subject policies mirrored the original award in *Burrell I* and left Teresa the beneficiary of the policies.[15] The order was signed on April 24, 1979. Homer, in submitting that this portion of the award is inequitable, again requests that the terms of this portion of the property settlement be modified. At present, however, there is no statutory authority for a court to modify the terms of a property settlement. *Stone v. Stone*, 647

P.2d 582, 585 (Alaska 1982); *Allen v. Allen*, 645 P.2d 774, 776 (Alaska 1982). The law is clear that "the provisions of a decree adjudicating property rights are modifiable only to the extent that relief may be obtained from any other final judgment." *See Allen v. Allen*, 645 P.2d at 776. *Accord O'Link v. O'Link*, 632 P.2d 225, 228 (Alaska 1981). Homer failed to appeal the April 24, 1979, order concerning the insurance policies to this court within the period required by Appellate Rule 204(a). Thus, Homer's only recourse would have been to file a motion under Civil Rule 60.

Under Alaska Civil Rule 60(b), this court may relieve a party from a final judgment or order for a number of reasons. The only subsections under which Homer could have possibly sought relief are subsections (5) or (6). As we have already noted, subsections (5) and (6) require that a motion be made "within a reasonable time." Alaska R.Civ.P. 60(b). We find the record devoid of any motion made pursuant to Rule 60(b)(5–6). Therefore, Homer is also barred as a matter of law from re-

---

**12.** As part of this appeal, Homer also contends that the life insurance order is in effect, "alimony after death," since Teresa is entitled to the policy proceeds should Homer predecease her. Homer argues that under Estate of *Kuhns v. Kuhns*, 550 P.2d 816 (Alaska 1976), where we held that in the absence of an agreement, the obligation to pay alimony does not survive the death of the obligor, the order is void as a matter of law. Since we characterize the life insurance maintenance award in this case as property, we do not consider Homer's contention.

**13.** In paragraph (7) of the original divorce decree, the court awarded Homer three insurance policies to maintain for Teresa's benefit. This portion of the decree reads as follows:

Plaintiff is hereby awarded the G.I. Life Insurance Policy and the two Connecticut Mutual Life Insurance Policies, and is ordered to pay all premiums and interest on these policies, and ordered to name defendant as the irrevocable beneficiary of these policies until she remarries or dies.

Paragraph (2) of that decree provided for alimony, while paragraph (4) through (15) all discussed different divisions of property. While paragraph (7) did not explicitly refer to the insurance policies as "property," the context indicates that disposition of those policies was one

part of the overall property division. This interpretation of the record was followed in our review of the 1974 decree in *Burrell I*.

**14.** In *Burrell I*, this court mentioned the award of the insurance policies in the course of the property division, where we summarized the superior court's awards concerning the parties' insurance:

1. G.I. Life Insurance Policy: Value $10,000 less outstanding loan. By law Homer must retain title. The superior court ordered Homer to pay the interest on the loan. The policy was awarded to Homer with Teresa named as beneficiary.

2. N.Y. Life Insurance Policy: Value at time of hearing was $1,000 due to outstanding loan. This policy was awarded to Homer.

3. Two Connecticut Life Insurance Policies: These policies were awarded to Homer, who was required to pay interest on the loan. Teresa named as beneficiary of these policies.

*Burrell I*, 537 P.2d at 5 (footnote omitted).

**15.** We note that there was an intervening decision dividing the property more favorably to Homer. *See Burrell v. Burrell*, No. 73–1877 Civ. (Alaska Super.3d Dist., Anchorage, July 30, 1976). However, Judge Carlson, who issued that decision, was subsequently disqualified, and Teresa's motion for a new trial was granted.

questing this court under Civil Rule 60 to modify the terms of the property settlement regarding the insurance policies.

### IV.

Homer referred this court to his motion to disqualify Judge Moody for cause pursuant to AS 22.20.020(a)(6) [16] and his request that Judge Moody not hear any further proceedings in this case. Judge Moody denied Homer's motion, and Homer appeals. The Alaska statutes provide the proper procedure when a judge refuses to disqualify him or herself upon a challenge for cause:

> If a judicial officer denies disqualification the question shall be heard and determined by another judge assigned for the purpose by the presiding judge of the next higher level of courts or, if none, by the other members of the supreme court. The hearing may be ex parte and without notice to the parties or judge.

AS 22.20.020(c). The court of appeals is the "next higher level of courts." Its jurisdiction, however, is limited to criminal matters. *See* AS 22.07.020. Homer's appeal is properly before this court, and the supreme court shall assign a judge to decide upon the merits of the motion to disqualify Judge Moody.

### V.

■ Judge Moody granted Teresa's motion for attorney's fees in the amount of $400. The fees were granted in connection with Teresa's opposition to Homer's motion for retrospective modification of the decree of divorce.

The record indicates that the court granted Teresa's motion on Civil Rule 77(*l*) grounds. Civil Rule 77(*l*) provides in part:

> The presentation to the court of frivolous or unnecessary motions ... which unduly delay the course of the action proceeding, or ... for the purpose of delay where no reasonable ground appears therefor subjects counsel presenting or filing such, at the discretion of the court, to imposition of costs and attorney's fees to the opposing party....

In view of our opinion, attorney's fees should not have been granted on grounds of frivolousness. The parties shall bear their respective attorney's fees:

### *Case No. 6937*

■ Homer did not appeal the superior court's 1979 judgment which divided the former couple's property and awarded Teresa a partial interest in payments received by Homer as beneficiary of the Burrell Trust. In 1981, however, Homer filed a complaint and sought to modify the superior court's judgment pursuant to AS 09.-55.220 (now AS 25.24.170), and Civil Rule 60(b)(5-6). The trial court granted Teresa's motion for summary judgment and Homer appeals.[17]

The court's power to modify a final judgment in a divorce suit is limited by the terms of AS 09.55.220 to those arrangements providing for the support and care of minor children, alimony and maintenance payments.[18] It is an accepted rule of statutory construction that to include specific terms presumptively excludes those which are not enumerated. 2A C. Sands, Sutherland Statutory Construction §§ 47.23–47.24 (4th ed. 1973). In keeping with this precept, we have held that "AS 09.55.220 does not give a court authority to modify a decree as it relates to property rights...." *Allen v. Allen*, 645 P.2d 774, 776 (Alaska

---

**16.** AS 22.20.020(a)(6) provides:

(a) A judicial officer may not act as such in a court of which the judicial officer is a member in an action in which

. . . .

(6) the judicial officer feels that, for any reason, a fair and impartial decision cannot be given.

**17.** The substantive content of Homer's appeals in Case Nos. 6737 and 6937 are in many ways interwoven, if not identical. Case No. 6937 excludes consideration of Homer's support obligations to Teresa, including his life insurance obligations, as those obligations were appealed in case No. 6737. (See sections II and III.) Thus, we find it necessary to treat them separately.

**18.** *See* note 4, *supra*.

1982); *Stone v. Stone,* 647 P.2d 582, 584–85 (Alaska 1982).

If Homer disputed the superior court's property division, his remedy lay in an appeal to this court within the period stipulated by Appellate Rule 204(a). The law is clear that "the provisions of a decree adjudicating property rights are modifiable only to the extent that relief may be obtained from any other final judgment." *Allen v. Allen,* 645 P.2d at 776. *Accord O'Link v. O'Link,* 632 P.2d 225, 228 (Alaska 1981). Homer failed to appeal. He may not now challenge the superior court's final judgment concerning the property settlement by seeking modification under AS 09.55.-220.

▮ Homer also requested that the superior court exercise its equitable powers under Civil Rule 60(b)(5–6) to grant him relief from its 1979 judgment, and appeals the dismissal of his claim. We note first that such an appeal does not bring the merits of the underlying judgment before this court. *Jerrel v. Kenai Peninsula Borough School District,* 567 P.2d 760, 765 (Alaska 1977); *Wellmix, Inc. v. City of Anchorage,* 471 P.2d 408, 411 (Alaska 1970). The superior court's order dismissing Homer's claim or motion [19] is before us and will not be disturbed on review except upon a showing that the superior court abused its discretion. *See Thomas v. Thomas,* 581 P.2d 678, 679 (Alaska 1978); *McCracken v. Davis,* 560 P.2d 771, 776–77 (Alaska 1977).

▮ We turn first to Homer's motion under Civil Rule 60(b)(5). The 1979 judgment entitled Teresa to receive forty-five percent of all payments to which Homer would otherwise be entitled as a beneficiary of the Burrell Trust after December 29, 1978. Because further disbursements to Homer from the trust remain to be made, and therefore additional payments to Teresa are required pursuant to the court's

judgment, the judgment has prospective application.

Homer maintains that changes in circumstances since the judgment was entered make prospective application inequitable. He asserts that Teresa is expecting a substantial inheritance from her mother and argues that the court should have taken this into account before dismissing his motion. Teresa's inheritance, however, is not a fact. Its occurrence is speculative and therefore does not represent a changed circumstance.

▮ Homer also contends that there is a great disparity in the value of the properties presently owned by the parties, that his costs of earning a living are greater than Teresa's and that his obligations to his family are greater than Teresa's similar obligations. None of these assertions are reliably supported in the record. Homer presents his own estimate of the present value of the properties awarded to Teresa, but presents no independent appraisals or assessments. He admits that his solo law practice is very small and run from his home with minimal overhead expense. That Homer has chosen to marry again and incur additional personal and legal obligations cannot be accepted as sufficient reason to relieve him from a judgment entered upon his divorce from a previous spouse.

▮ Finally, Homer argues that in determining the division of his separate property interest in the Burrell Trust, the superior court failed to consider his potential tax liabilities under the United States Supreme Court's decision in *United States v. Davis,* 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962). He cites no authority to support his assumption that the court should consider such potential tax consequences in arriving at a property division. *Davis* held that the transfer of appreciated property pursuant to a settlement agreement incorporated in a divorce decree was a taxable

---

**19.** Although Homer's claim for relief under Civil Rule 60(b)(5–6) was framed as an independent action in his most recent complaint, such an action may be treated as a motion where there is no prejudice to the opposing party. *See*

7 J. Moore & J. Lucas, Moore's Federal Practice § 60.38(3) (2d ed. 1982); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2868, at 244 (1973), discussing the analogous provisions of the Federal Rules of Civil Procedure.

event if the beneficiary had no rights or interests in the property prior to the divorce.

We note that the *Davis* opinion dates from 1962, and had been law for seventeen years at the time the superior court rendered a decision concerning division of Homer's interest in the Burrell Trust. That Homer was ignorant of the law relevant to his potential tax obligation and therefore failed to raise the issue to the court does not entitle him to relitigate the matter at this late date. Moreover, Homer waited two and a half years after entry of the final order to raise this issue, during which time there was no change in his potential tax liability.[20] There is thus no basis for modifying the original property division because of changed circumstances.

Civil Rule 60(b)(5) was not intended as a mechanism for maintaining divorced parties' equal net worth. As Justice Cardozo remarked, "We are not at liberty to reverse under the guise of readjusting. Life is never static...." *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999, 1008 (1932). We conclude that the superior court did not abuse its discretion by refusing to grant Homer's motion for relief from prospective operation of the court's judgment.

█ We also find that there was no abuse of discretion in denying Homer's motion for relief under Civil Rule 60(b)(6):

> Clause (6) is reserved for extraordinary circumstances not covered by the preceding clauses. The purpose of the clause has been described as follows:
>
>> In general, relief is given under clause (6) in cases in which the judgment was obtained by the improper conduct of

the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule....

>> ... The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.

*O'Link v. O'Link*, 632 P.2d at 229–30 (footnote omitted), *quoting* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864, at 213–14 (1973) (footnotes omitted). *See also Livingston v. Livingston*, 572 P.2d 79, 85–86 (Alaska 1977).

There is no evidence that the original judgment was obtained by reason of any improper conduct on Teresa's part; nor was Homer's failure to appeal in timely fashion an "excusable default." Relief under Civil Rule 60(b)(6) is therefore not available.

The court's decision in case 6343 is AFFIRMED.

Case 6737 is stayed pending a hearing on denial of appellant's motion to disqualify Judge Moody for cause, and shall then be REMANDED to the superior court for further proceedings consistent with this opinion.[21]

The superior court's decision in case 6937 is AFFIRMED.

BURKE, Chief Justice, with whom SHORTELL, Judge, joins, concurring.

Although I concur in the result, I would reach an issue that the majority finds it unnecessary to decide.

---

**20.** The California court found that the Burrell Trust terminated as to Homer and the other beneficiaries by its own terms, which provide that "Upon the date that each of the Trustor's children attains the age of forty-five (45) years, the trustees shall distribute and deliver to that child the then remaining balance of his or her share of the trust estate." The youngest beneficiary reached age 45 in 1978. The original trust therefore terminated and became subject to distribution a year before the superior court ordered division of Homer's interest in the trust.

**21.** As we stated earlier in our opinion, the factual findings and reasoning upon which the superior court based its decision to deny Homer's motion to modify his alimony obligation are insufficient to permit review. Upon remand, the superior court shall set forth its findings of fact and conclusions of law, and shall reopen the evidence if necessary to determine the present circumstances of both parties. The court may consider Homer's tax liability, if any, under the *Davis* decision at this time.

Appellant contends, in part, that the trial court's award of permanent alimony (1) constitutes involuntary servitude and (2) denies him equal protection of the law. These "constitutional challenges," discussed in part IIB of the majority opinion, may be viewed as part of appellant's further contention that the alimony award is "void as against public policy." [1] Unlike the majority, I would squarely address each of these challenges and hold them to be without merit.

Otherwise, I concur in the opinion of the court.

1. *See V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224–25 (10th Cir.1979) (judgment may be "void" if fundamental constitutional rights violated); *Crosby v. Bradstreet Co.,* 312 F.2d 483, 485 (2d Cir.1963) (order held "void" where it violated First Amendment).