**COMMISSIONER, ALASKA DEPARTMENT OF HEALTH & SOCIAL SERVICES; Director, Alaska Division of Corrections; Attorney General, State of Alaska, Petitioners,**

v.

**Dennis Ray ANTHONY, Respondent.**

**Anthony L. BROWN, Sidney L. Vail, Robert Klink, Appellants,**

v.

**Robert L. SMITH, Commissioner, Department of Health & Social Services; Roger Endell, Director, Division of Adult Corrections, Department of Health & Social Services, Appellees.**

Nos. S–76, S–84.

Supreme Court of Alaska.

Nov. 15, 1985.

Dennis Ray Anthony, Anthony L. Brown, Sidney L. Vail and Robert Klink, pro se.

Atty. Gen. Norman C. Gorsuch, Larry A. McKinstry, Asst. Atty. Gen., for petitioners/appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

These two cases involve prisoners who attempted to exclude themselves from Subclass C of the *Cleary* "prisoners' rights"

class action [1] in order to pursue their grievances separately. The *Cleary* case was originally filed in August 1981. Plaintiffs were divided into three subclasses. Subclass C comprised all Alaska prisoners incarcerated in Federal Bureau of Prisons (FBP) facilities. Superior Court Judge Douglas J. Serdahely certified the action as a Civil Rule 23(b)(1) and (2) class action.

On March 18, 1982, Judge Serdahely sent notice to all members of Subclass C indicating that they could be excluded from the action if exclusion was sought by May 1, 1982. The state did not object to the exclusion option (hereinafter also "opting out").

Respondent Dennis Anthony (Anthony) did not receive this notice until May 7, 1982. He did not formally seek exclusion until December 28, 1982. The state did not object at that time to his exclusion.

Anthony filed suit on January 19, 1983 in superior court in Anchorage. The state moved to dismiss the suit on February 22, 1983, arguing that the final settlement between the state and the members of *Cleary* Subclass C, which was approved by Judge Serdahely on February 4, 1983, was *res judicata* as to Anthony's suit. The trial court denied the motion on August 16, 1983 and the state petitioned for review.

The *Brown* case arose in a similar fashion. It was filed, however, in the superior court in Fairbanks. Three prisoners housed by FBP—Anthony Brown, Sidney Vail and Robert Klink—opted out of the *Cleary* case. The state did not oppose these prisoners' exclusion until they filed their own civil complaint on May 5, 1983. When the state moved to dismiss in *Brown*, the trial court granted the state's motion on the ground that *res judicata* barred the prisoners' action. The prisoners appealed this decision on December 7, 1983.

On June 29, 1984, this court granted the state's petition for review in *Anthony* and consolidated *Anthony* with *Brown* for purposes of consideration and decision.

## II. COLLATERAL ATTACK

Assuming *arguendo* that Judge Serdahely erred when he interpreted Civil Rule 23 to allow prisoners to opt out of *Cleary* Subclass C,[2] we must address whether in these consolidated cases the state may collaterally attack the interlocutory order entered in *Cleary*.

The state did not object to the exclusion option in *Cleary*, and with commendable candor explains the reason for not doing so: "The result of erroneously allowing the opportunity to opt out of *Cleary* was clearly unforeseen. . . ." The oversight does not improve the state's position to object at this late date, in this litigation. Only if the order permitting opting out were void—in excess of the jurisdiction of the trial court—could the state raise its challenge here. *Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966).

Sound legal principles close off this avenue to the state. The mere fact that the order may be erroneous does not render it void. Courts have the power to make correct or incorrect decisions regarding matters over which they have jurisdiction. *See Moffat v. Moffat*, 27 Cal.3d 645, 165 Cal. Rptr. 877, 882, 612 P.2d 967, 972 (Cal.1980). In this case, the trial court properly exercised jurisdiction to entertain the class action. An erroneous procedural ruling establishing an exclusion option was merely *voidable*, not void. Therefore, the state's recourse is to bring a direct challenge to the ruling. The state may not here collaterally attack an order entered in the *Cleary* case.

The trial court's denial of the state's motion to dismiss in *Commissioner v. Anthony* is AFFIRMED; the trial court's order dismissing the prisoners' action in *Brown v. Smith* is REVERSED.[3]

---

1. *Cleary v. Smith,* 3AN 81–5274 Civ.

2. Judge Serdaheley's opt out proviso would have been sustained under both *Holmes v. Continental Can Co.,* 706 F.2d 1144 (1st Cir.1983) and

*Penson v. Terminal Transport Co.,* 634 F.2d 989 (5th Cir.1981).

3. Because these cases will now go forward, and because they concern similar grievances, in the

interest of judicial economy and consistent adjudications it is suggested that the parties and respective courts consider consolidating these actions for trial.