Stephen J. ALDRICH Jr., Appellant,

v.

Kristin K. ALDRICH, Appellee.

No. S–14238.

Supreme Court of Alaska.

Oct. 5, 2012.

Stephen J. Aldrich, Jr., pro se, Wasilla, Appellant.

Kristin K. Aldrich, pro se, Chesapeake, Virginia, Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

CARPENETI, Chief Justice.

## I. INTRODUCTION

A divorced couple with one child agreed in 2006 that the mother would cover all of the child's travel costs in lieu of paying child support. The superior court approved the couple's agreement. In 2010, the father filed a motion arguing that the 2006 agreement was invalid under Alaska Civil Rule 90.3, which had not been addressed in the superior court's original order. The father requested that child support from August 2006 through June 2010 be recalculated under Rule 90.3, with the mother paying arrearages. The superior court denied the father's motion for retrospective relief, but allowed prospective relief. The father appealed. Because the father did not file his motion challenging the original order within one year, as required under Alaska Civil Rule 60(b)(1), we affirm the denial of the father's motion insofar as it sought retrospective relief. Because the 2006 order violated Rule 90.3, we affirm the grant of prospective relief.

## II. FACTS AND PROCEEDINGS

Stephen Aldrich and Kristin Aldrich divorced in 2001. Kristin received full legal and primary physical custody of the couple's son, Joshua Aldrich (born in 1993). For the next five years, Joshua lived with Kristin in Virginia. Stephen lived in Alaska, and Joshua visited him for up to 12 weeks a year.

On September 20, 2006, the superior court issued an order approving a stipulation between the parties that modified their child custody, visitation, and child support arrangement. Under the 2006 order, Stephen and Kristin shared legal custody of Joshua, and Stephen received primary physical custo-

dy. The stipulation, prepared pro se and signed by both parties in August 2006, was based in part on Joshua's preference to live with his father.

The superior court's 2006 order also provided, in accordance with the stipulation, that Kristin would "be responsible for reserving and purchasing appropriate airline tickets. She is agreeing to pay 100% of all travel costs in lieu of paying child support to [Stephen]." The stipulation stated at greater length: "The parties have agreed that Stephen will not request child support from Kristin. Instead, Kristin will be responsible for 100% of Joshua's travel costs to and from Virginia for the purpose of visitation with his mother. This will amount to less than her estimated child support obligation." In addition, the stipulation stated that "[b]oth parties will continue to equally share the cost of Joshua's health, vision and dental care and cell phone," and that "[t]he parties agree that these modifications are in Joshua's best interest...."[1]

Neither the superior court order nor the stipulation mentions Rule 90.3, which establishes rules for child support awards[2] as well as permissible exceptions to those rules.[3] Nor does the superior court order specify the reason for allowing a variation from the rules.[4] Nor does the superior court order specify, as the rule requires in cases where the court's order diverges from the rule, "the amount of support which would have been required but for the variation, and the estimated value of any property conveyed instead of support calculated under the other provisions of this rule."[5]

In June 2010, Stephen filed a "Motion to Enforce Custody Agreement and for Support Award" (motion for past child support). The motion referred to "several substantial changes in circumstance" since the 2006 agreement and requested that the court enforce portions of the agreement with which Kristin allegedly failed to comply. Stephen specifically requested that the superior court "issue a child support award on Joshua's behalf effective August 15, 2006 through the date of this filing, assessing arrearages under [Alaska Civil Rule] 90.3 since the parental agreement waiving support has no legal basis." The motion argued that the 2006 agreement waiving Kristin's child support obligations was invalid under Rule 90.3 and that the superior court should order Kristin to pay the child support she did not pay from 2006 onward as a result of the agreement.

In October 2010, the superior court issued an order rejecting Stephen's request for past child support but allowing modification prospectively. Stephen filed a motion for reconsideration. On February 25, 2011, the superior court denied Stephen's motion for reconsideration and entered a final child support order, establishing Kristin's child support obligation effective July 1, 2010.

Stephen appeals pro se. Though Stephen presents his appeal as containing seven points, and divides his argument on appeal into three arguments, the appeal in reality concerns two issues: whether it was error to deny Stephen's 2010 request for past child support from Kristin and whether Stephen was entitled to prospective relief.[6]

## III. STANDARD OF REVIEW

We "review orders denying Alaska Civil Rule 60(b) relief for abuse of discre-

---

**1.** The superior court later stated that, prior to issuing the 2006 order, it reviewed a child support guidelines affidavit filed with the court in September 2006. Stephen's affidavit lists his total income as $82,752.81, while Kristin's affidavit lists her total income as $22,596. The affidavits suggest that, in the absence of the 2006 agreement, Stephen's annual child support therefore would have been $13,840.16, while Kristin's would have been $4,136.32.

**2.** Alaska R. Civ. P. 90.3(a)-(b).

**3.** Alaska R. Civ. P. 90.3(c).

**4.** *See id.*

**5.** Alaska R. Civ. P. 90.3(c)(1).

**6.** Stephen presents his appeal as an appeal from the superior court's denial of his motion for reconsideration. But his argument is directed entirely toward the merits of his underlying motion for past child support and does not address the specific standards governing review of denied motions for reconsideration. Thus, we approach the appeal as though it were an appeal from the superior court's October 2010 denial of Stephen's motion for past child support.

tion."[7] We also review child support awards for abuse of discretion.[8] An abuse of discretion exists only where we are "left with the definite and firm conviction on the whole record that the judge ... made a mistake."[9]

## IV. DISCUSSION

**Stephen's Motion For Past Child Support Was Untimely Under Alaska Civil Rule 60(b).**

■ Stephen did not style his motion for past child support as a motion for relief from an order under Alaska Civil Rule 60. The motion does not cite Rule 60, and is entitled "Motion To Enforce Custody Agreement and for Support Award." But in his superior court brief Stephen characterized the motion as a request under Rule 60(b)(4) or (6) for relief from the 2006 order based on that order's invalidity. In the order denying Stephen's motion, the superior court treated Stephen's motion for past child support as a Rule 60(b) motion: "Essentially, [Stephen] is asking the court to set aside the stipulation and order of the court entered in August 2006, and for the court to set child support effective August 15, 2006." The superior court did not determine which section of Rule 60(b) applied, but the court reasoned that in any event "the motion was not brought within a 'reasonable time.'"[10]

Civil Rule 60(b) allows relief from a judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) also provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment or orders...."[11]

In his points on appeal, Stephen argued that "[t]he Superior Court erred in ruling that too much time had passed to reverse the parental agreement." He contended that a "similar parental agreement was vacated" in *Laughlin v. Laughlin*,[12] "and child support was recalculated for a period of time only 9 months shorter than the amount of time in this case." But in his brief on appeal, Stephen did not address the superior court's conclusion that Stephen's motion was untimely. Stephen merely summarizes the superior court's statements regarding Rule 60 in passing. Stephen also did not file a reply brief responding to Kristin's argument supporting the superior court's reasoning under Rule 60(b). In short, Stephen has not disputed the superior court's characterization of his motion as a motion for relief under Rule 60(b).

Because all motions for relief under Rule 60(b) must be filed within a reasonable time, while only motions under Rule 60(b)(1)-(3) must be filed within one year, there is a preliminary issue as to whether Stephen's motion for past child support falls under subsections (1)-(3). The superior court avoided confronting this issue by concluding

7. *Cook v. Cook*, 249 P.3d 1070, 1077 (Alaska 2011) (citing *Morgan v. Morgan*, 143 P.3d 975, 976 (Alaska 2006); *Princiotta v. Municipality of Anchorage*, 785 P.2d 559, 562 (Alaska 1990)).

8. *Laughlin v. Laughlin*, 229 P.3d 1002, 1004 (Alaska 2010 (quoting *Harvey v. Cook*, 172 P.3d 794, 797 (Alaska 2007)) (internal quotation marks omitted)).

9. *Thomas v. Thomas*, 581 P.2d 678, 679 (Alaska 1978) (quoting *Gravel v. Alaskan Vill., Inc.*, 423 P.2d 273, 277 (Alaska 1967)).

10. *See* Alaska R. Civ. P. 60(b).

11. Alaska R. Civ. P. 60(b).

12. 229 P.3d 1002 (Alaska 2010).

that Stephen's motion was not filed within a reasonable time—so that whether or not the motion fell under subsections (1)-(3), it was untimely.

▮▮▮ In his motion for past child support, Stephen argued that the superior court erred in its 2006 order by failing to apply Rule 90.3. In his hearing brief Stephen implied that the court's legal error rendered the order void, which would fall under Rule 60(b)(4). We disagree. An order is not void simply because it was legally erroneous. For an order to be void, some more fundamental flaw must be present.[13] A judgment or order is void

> where the state in which the judgment was rendered had no jurisdiction to subject the parties or the subject matter to its control, or where the defendant was not given proper notice of the action and opportunity to be heard, or where the judgment was not rendered by a duly constituted court with competency to render it, or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.[14]

Stephen does not argue that the superior court's judgment displayed any of these fundamental flaws. Nor does a review of the record suggest that any such flaws were present.

Stephen's request for past child support thus does not fall under Rule 60(b)(4), relief from an order because "the judgment is void." It falls under Rule 60(b)(1), relief from an order based on "mistake, inadvertence, surprise or excusable neglect." It is immaterial whether the failure to address Rule 90.3 in the 2006 stipulation and order is characterized as Stephen's error or the court's. An error of law made by the court or by a party through mistake, inadvertence, or excusable neglect can constitute grounds for granting a party relief from a final judgment under Rule 60(b)(1).[15] Because subsection (1) applies, subsection (6), relief "for any other reason," does not apply.[16]

. As a motion for relief under Rule 60(b)(1), Stephen's motion for past child support had to be made "within a reasonable time, and ... not more than one year after the date of notice of the ... order[ ]." [17] But Stephen did not file his motion until June 2010, nearly four years after notice of the September 2006 order. Stephen's motion for past child support under Rule 60(b) was thus untimely, and the superior court did not abuse its discretion in denying it.

Stephen's invocation of *Laughlin* as a precedent for the relief he seeks is misplaced. It is true that the trial court in *Laughlin* neglected to apply Rule 90.3 in a manner similar to that of the trial court in this case, and that we reversed the trial court in *Laughlin* on that basis. But *Laughlin* was a timely appeal from an erroneous final order, not an appeal from the denial of an untimely motion for relief under Rule 60(b).[18] If Stephen had timely appealed the superior court's 2006 order as the appellant appealed the final order in *Laughlin,* the outcome of this case might be very different. But he did not, and "a Rule 60(b) motion is not a substitute for the usual appellate mechanism." [19]

13. See *Rowland v. Monsen*, 135 P.3d 1036, 1038 (Alaska 2006) ("The untimeliness of a motion or the inadequacy of findings are not fundamental flaws that would make an order void.") (citing *Burrell v. Burrell*, 696 P.2d 157, 163 & n. 11 (Alaska 1984)).

14. *Id.* (quoting *Burrell*, 696 P.2d at 163 n. 11 (Alaska 1984)); *see also Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974) ("A judgment is void and subject to attack ... if the court that rendered it lacked personal jurisdiction over the defendant, or if it acted in a manner inconsistent with due process of law." (footnotes omitted)).

15. See *Alaska Truck Transp., Inc. v. Berman Packing Co.*, 469 P.2d 697, 698–99 (Alaska 1970)

(citing among others *Fleming v. Huebsch Laundry Corp.*, 159 F.2d 581, 585 (7th Cir.1947)).

16. See *Richard v. Boggs*, 162 P.3d 629, 635 (Alaska 2007) ("A party may only obtain Rule 60(b)(6) relief if no other Rule 60(b) clause applies." (citing *Lacher v. Lacher*, 993 P.2d 413, 419 (Alaska 1999))).

17. Alaska R. Civ. P. 60(b).

18. *Laughlin*, 229 P.3d at 1003–04.

19. *Anderson v. State, Dep't of Highways*, 584 P.2d 537, 540 (Alaska 1978). We do not reach the issue of whether, had his Rule 60(b) motion been timely, Stephen would have been entitled to the

Thus, we affirm the superior court's denial of Stephen's motion for retrospective relief because the motion was untimely.[20]

## V. CONCLUSION

Because Stephen's motion for past child support was untimely under Rule 60(b)(1), we AFFIRM the superior court's denial of Stephen's motion.

CHRISTEN, Justice, not participating.

retrospective relief that he sought. Civil Rule 90.3(h)(2) generally provides that "[c]hild support arrearage may not be modified retroactively, except as allowed by AS 25.27.166(d)." We have not previously addressed whether Rule 90.3(h)(2)'s prohibition on retroactive modification applies where a party seeks relief from judgment under Rule 60(b), but we note that the language of Rule 90.3(h)(2) is not limited merely to instances where a party files a motion or petition for modification of child support. Nonetheless, it is clear that, to the extent that Stephen's motion for past child support would be interpreted solely as a motion to modify child support under Rule 90.3(h), Rule 90.3(h)(2) bars the retroactive modification that he seeks.

20. We decline to affirm the denial of Stephen's motion on the merits. Indeed, the superior court's order of October 11, 2010, holding that the parties' 2006 waiver of child support satisfied the requirements of Civil Rule 90.3(c)(1), appears to be plain error. That rule requires that, if the court varies the support award from that specified in subsection (a) or (b), the court "must specify in writing the reasons for the variation, the amount of support which would have been required but for the variation, and the estimated value of any property conveyed instead of support calculated under the other provisions of this rule."

As noted above in the text, the superior court's order, which makes no reference to Civil Rule 90.3, does not specify the reason for allowing a variation from the default rules and does not specify "the amount of support which would have been required but for the variation, and the estimated value of any property conveyed instead of support calculated under the other provisions of this rule," as required by subsection (c).