*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, e-mail corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIE K. JACKSON, | ) | |
| | ) | Supreme Court No. S-14496 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-08-04884 CI |
| v. | ) | |
| | ) | O P I N I O N |
| AMIE SEY, | ) | |
| | ) | No. 6860 - December 27, 2013 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Peter M. Michalski, Judge.

Appearances: Willie Jackson, Seagoville, Texas, pro se. No appearance by Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

I.      INTRODUCTION

In 2008 the superior court granted a default divorce to Amie Sey after her husband Willie Jackson, who was incarcerated at the time, failed to appear telephonically at a hearing. Jackson filed a motion for relief from judgment under Alaska Civil Rule 60(b), arguing that Sey had made misrepresentations and withheld information about marital property. The court allowed Jackson to conduct discovery in support of the motion, but it later dismissed the motion for lack of prosecution under Alaska Civil Rule

41(e). The court also determined that the time to appeal or to request Rule 60(b) relief was long past. Jackson appeals this dismissal and raises several challenges to the underlying divorce decree. We reverse the dismissal of Jackson's Rule 60(b) motion and remand for consideration of its merits.

## II. FACTS AND PROCEEDINGS

Willie Jackson was incarcerated soon after he and Amie Sey married in 2003. Sey filed for divorce in February 2008.[1] In his answer, Jackson contested Sey's description of the marital property, and he asserted that she had "probably obscured" property that should have been part of the marital estate. He also informed the superior court that he was incarcerated in federal prison in California.

After Jackson failed to appear telephonically at a trial-setting conference, the court scheduled another hearing for May 29, 2008. Although the court sent notice, Jackson alleges on appeal that he did not receive it, and he did not appear at that hearing either. The calendaring order had described the hearing as a settlement conference, but the court heard testimony from Sey and then granted a default divorce. The court interpreted Jackson's answer to the complaint as indicating that he did not disagree with Sey's description of the marital property, and the judge informed Sey that Jackson could take action later if he wished to contest the property's disposition.

The day after the hearing, on May 30, the court received two motions from Jackson dated three days before. The first motion was a request that Jackson be allowed to participate telephonically in any future hearings. The second was a request that the court compel disclosure of information about a Key Bank account that Jackson believed

---

[1] Both Jackson and Sey acted pro se throughout the proceedings.

Sey held, as well as her employment information and tax returns. A court clerk found the filings deficient and returned them both to Jackson.

The court issued its written divorce decree on June 9, 2008. The decree stated that "[b]ecause Mr. Jackson did not . . . make arrangements to appear telephonically, or for a continuance, the court defaulted him and heard the matter." The court established the date of separation as "sometime after Mr. Jackson was arrested" and found there was no marital property to be divided.

On June 18, 2008, Jackson requested an extension of time to file the motions that had been returned due to procedural deficiencies. The court denied the request for extension on grounds that the divorce had already been granted. The court notified Jackson, however, that "[i]f the defendant believes that the property division needs to be further considered, application may be made pursuant to Civil Rule 60."

Jackson accordingly filed a Rule 60(b) motion in August 2008, claiming that Sey had made both unintended and fraudulent misrepresentations during the divorce trial. The court held a hearing on this motion in December 2008, and Jackson appeared telephonically. The court directed Sey to provide the requested financial information. The court also gave Jackson 20 days to look over this information and to file a proposed order either withdrawing the Rule 60(b) motion or setting out the precise modification to the divorce decree that he was requesting.

Sey provided the financial information Jackson requested. In January 2009, Jackson moved for expanded discovery in order to determine whether Sey had dissipated any marital property during the separation period. Jackson also asked that Sey pay for the production of these documents. The court denied the request that Sey pay for production and stated that "[t]he remainder of the motion is, with all due respect, unclear and denied without prejudice." Jackson next made what he termed a "motion in

clarification," in which he attempted to explain to the court why he was asking for expanded discovery. He asserted that the financial documents disclosed by Sey did not provide details about transfers; such information would, he argued, help him discern whether Sey had other bank accounts, such as with Key Bank. The court treated the motion in clarification as a motion for reconsideration and denied it in June 2009.

Jackson next pursued discovery directly from Key Bank, which informed him that it would not release any information without a court order. Following several additional communications between the court and Jackson, the court granted Jackson access to Sey's bank records.

The record reveals no further filings or correspondence from Jackson to the court over the course of the next year. On February 4, 2011, the court issued a notice of dismissal for lack of prosecution pursuant to Alaska Civil Rule 41(e)(1)(A).[2] Jackson responded by filing what he termed a motion for partial summary judgment. He asked that the court award him judgment in the amount of $14,750 based on the information he had received about Sey's car, tax return, and credit union bank account. He claimed that he sent Sey a letter on March 8, 2010, requesting that she give a deposition on written interrogatories, but that she never responded.

The court denied Jackson's motion and closed the case, reasoning that "[t]he burden is on the defendant to show that the judgment of the court should be reversed. The time for appeal would appear to have run long ago. The period for relief

---

[2]    The rule provides: "The court on its own motion or on motion of a party to the action may dismiss a case for want of prosecution if . . . the case has been pending for more than one year without any proceedings having been taken."

from judgment [pursuant to Civil Rule 60(b)(6)] seems similarly to be long past."[3] Jackson moved for reconsideration, pointing out that he had not participated in the divorce trial and that the court had afterwards allowed him to conduct discovery in support of his Rule 60(b) motion. After the court denied the motion for reconsideration, Jackson filed another motion, termed "motion to recall the mandate" (in essence another request for reconsideration), asking the court to reopen the case for consideration of his post-trial discovery. The court denied the motion, stating that "[t]he motion for partial summary judgment did not establish good cause for lack of prosecution, thus the case was properly dismissed."

Jackson appeals, challenging the Rule 41(e) dismissal, the court's finding that his Rule 60(b) motion was untimely, and several aspects of the underlying divorce decree. He also asks that the divorce decree be vacated. Sey does not participate in this appeal.

## III.  STANDARD OF REVIEW

We review de novo a superior court's interpretation of court rules, exercising our independent judgment.[4]  "Under the independent judgment standard we adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[5]

---

[3]  The court's reference to Rule 60(b)(6) appears to be mistaken, as the focus of Jackson's motion shows that it was filed pursuant to Rule 60(b)(3).

[4]  *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009).

[5]  *Id.* (footnotes omitted).

## IV.    DISCUSSION

### A.    It Was Error Not To Consider Jackson's Rule 60(b) Motion On The Merits.

Jackson challenges the superior court's refusal to consider the merits of his Rule 60(b) motion.  The court dismissed the motion pursuant to Rule 41(e)(1) for failure to prosecute, finding in addition that the motion was barred because of the passage of time since the entry of judgment.  We conclude that the superior court erred on both counts.

Rule 41(e)(1) and (3), read together, provide that "[t]he court on its own motion . . . may dismiss a case for want of prosecution if . . . the case has been pending for more than one year without any proceedings having been taken"[6] and "good cause to the contrary is not shown. . . ."[7]  We do not believe that a post-judgment Rule 60(b) motion, like the one at issue here, is itself a pending "case" that is subject to dismissal under Rule 41(e).  Jackson's motion was filed in a divorce case that had been concluded by the entry of final judgment; the motion sought, unsuccessfully, to reopen that closed case.  At the time of the Rule 41(e) dismissal, there was no pending case to which Rule 41(e) could apply.

The court's secondary conclusion that Jackson's Rule 60(b) motion was time barred also does not justify the court's failure to consider the motion on the merits.  Motions like Jackson's that are made pursuant to Rule 60(b)(3) — alleging fraud, misrepresentation, or "other misconduct of an adverse party" — must be brought within

---

[6]    Alaska R. Civ. P. 41(e)(1).

[7]    Alaska R. Civ. P. 41(e)(3).

a year of the challenged judgment or order.[8] Jackson filed his original Rule 60(b) motion in August 2008, just two months after entry of the final divorce decree and thus clearly within the time allowed. At the December 2008 hearing the superior court appeared to accept the Rule 60(b) motion, though giving Jackson an opportunity to withdraw or clarify it within 20 days of receiving Sey's discovery. Jackson responded by pursuing further discovery instead. While some of Jackson's discovery efforts were misdirected, the superior court did appear to authorize this course, particularly when it granted Jackson's later request for direct access to Sey's bank records. By allowing additional discovery without imposing any new deadlines for Jackson's supplementation or clarification of his pending Rule 60(b) motion, the court left him without a clear timetable for the motion's consideration and decision.[9] Jackson also had no apparent reason to believe that the 60(b) motion, whether adequately supported or not, had not been timely filed. Having authorized Jackson's pursuit of additional discovery on the motion, the superior court should have imposed a new deadline for Jackson to supplement or clarify his motion in light of that discovery, then decided the motion on its merits. It was error to dismiss the motion as untimely on this record.

B.     **Jackson's Argument That The Divorce Decree Is Void Must First Be Addressed To The Superior Court.**

Jackson asks this court to hold that the divorce decree is void because of his lack of participation in the May 29, 2008 evidentiary hearing, pointing to his alleged lack of notice and his request for telephonic participation (received by the court the day

---

[8]     Alaska R. Civ. P. 60(b).

[9]     *See Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 758-60 (Alaska 2008) (holding that superior court erred in granting summary judgment without ruling on the other party's timely filed Rule 56(f) request for additional time to conduct discovery).

after the hearing). Civil Rule 60(b)(4) allows for relief from judgment where the underlying judgment is void. A movant may argue that a judgment is void based on the court's lack of personal jurisdiction or a denial of due process.[10] Unlike the other subsections of Rule 60(b), Rule 60(b)(4) has no time limit.[11] Jackson's Rule 60(b) motion, however, did not seek to void the judgment due to his lack of participation, and we do not interpret any of his other filings in the superior court as articulating such a request. Although Jackson does not appear to be time barred from bringing another Rule 60(b) motion pursuant to subsection (4), such a motion must be brought first in the superior court.[12] We do not consider it here, nor do we express any view of its merit.

## C.    Jackson Failed To Timely Appeal The Underlying Divorce Decree.

Jackson raises other arguments that we read as direct attacks on the June 2008 divorce decree, such as that the superior court erred in defaulting him and that it erred in its determination of the date the parties separated. These arguments, however, are in the nature of an appeal from the decree, and as such they are untimely.

A divorce decree is a final and appealable order.[13] A notice of appeal must be filed within thirty days of the judgment that is being appealed.[14] Jackson filed a notice of appeal in July 2011. Although this immediately followed the superior court's denial

---

[10]     *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974).

[11]     *Kennecorp Mortg. & Equities v. First Nat. Bank of Fairbanks*, 685 P.2d 1232, 1236 (Alaska 1984) (quoting 11 WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862, at 197 (1973)).

[12]     *See Juelfs v. Gough*, 41 P.3d 593, 598 (Alaska 2002) (holding that party was not entitled to raise grounds for Rule 60(b) relief for the first time on appeal).

[13]     *Husseini v. Husseini*, 230 P.3d 682, 686 (Alaska 2010).

[14]     Alaska R. App. P. 204(a)(1).

of Jackson's request for reconsideration of the Rule 41(e) dismissal of his pending Rule 60(b) motion, Jackson asserted that the appeal also concerned his "denial of participation in hearing of May 29, 2008." Jackson submitted another, more detailed notice of appeal and statement of points on appeal in October 2011. These notices of appeal were filed over three years after the divorce decree was entered, long after the 30-day deadline for filing an appeal had passed.

Alaska Appellate Rule 521 provides that the appellate rules "may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice." The considerations that should be weighed in determining whether to relax the rules include "the right to appellate review, the willfulness and extent of the rules violation and the possible injustice that might result from dismissal."[15] Jackson initially chose to address his grievances solely through the Rule 60(b) process. Over three years passed between entry of the decree and Jackson's first notice of appeal. We conclude that the deadline for appeal should not be relaxed in this case.

## V.    CONCLUSION

We REVERSE the superior court's dismissal of Jackson's Civil Rule 60(b) motion and REMAND for consideration of the motion in accordance with this opinion.

---

[15]    *Smith's Estate v. State*, 635 P.2d 465, 467 (Alaska 1981) (quoting *Ballard v. Stich*, 628 P.2d 918, 921 (Alaska 1981)) (internal quotation marks omitted).