NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MATTHEW P. PAWLAK, ) | |
| ) | Supreme Court No. S-14972 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-08-12512 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| SUSAN K. DIETZ, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1530 – February 11, 2015 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Matthew P. Pawlak, pro se, Anchorage, Appellant. Susan Orlansky, Susan Orlansky LLC, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

Matthew Pawlak and Susan Dietz married in 2003. In 2008 Matthew filed for divorce. During the marriage Susan earned a substantially larger income than Matthew. After separation Susan remained in an Anchorage home and Matthew moved into a Girdwood home, both of which were marital. Susan initially paid all post-separation marital expenses, including the mortgages on the Anchorage and Girdwood homes.

---

\*      Entered under Alaska Appellate Rule 214.

The superior court awarded Matthew interim spousal support while the divorce proceedings were pending. The court initially ordered Susan to pay $10,000 monthly, subsequently decreasing the amount to $8,000 monthly, and eventually to $1,000 monthly. Before decreasing spousal support to $1,000 monthly, the court had expected that Matthew would pay the Girdwood mortgage using money received as spousal support.

In October 2010, after conducting a property trial, the superior court issued an order identifying, valuing, and distributing the marital estate. The order noted that each party received $70,000 in pre-distributions from marital property — $45,000 each for legal fees and a separate $25,000 each — and treated these pre-distributions as reductions of the marital estate remaining at trial. The court also explained that:

> In some months [Susan] had [a] portion of [Matthew's] spousal support paid directly to the [lender]. The portion of the spousal support that was used to pay mortgage debt will not be charged to either party since it was used to reduce marital debt. The marital estate remaining at trial will also be reduced.

The court continued:

> The payment of the Girdwood and [Anchorage] mortgages (including interest, insurance, escrow payments, or late fees) shall be considered the payment of marital debt with marital assets. The payments will reduce the marital estate remaining at trial, whether paid by [Matthew] from spousal support or directly from [marital property]. Therefore the payments . . . reduce the marital estate remaining at trial.

And the court noted:

> On 2 February 2010 the Court modified its spousal support and mortgage order. The parties were to pay $5,000 from [marital property] towards the Girdwood mortgage of $6,009.90. [Susan] was to pay [Matthew] $1,000 in spousal support. He was to pay the balance of the mortgage of

$1,009.90. In actuality $6,000 was taken from [marital property] and paid to the Girdwood mortgage.

Finally, the court ordered that "[t]he payment of spousal support that was not for mortgage payments . . . be paid from [Susan's] separate assets," and explained that "[w]here [Susan] did not [use marital property for marital expenses], the court has treated the expenditure as a distribution of marital assets to her."

The court awarded Matthew 56% of the marital estate and required Susan to make a $288,565 equalization payment, through: (1) the transfer of an IRA to Matthew; (2) three $25,000 monthly installment payments; and (3) the remaining balance three months later. The order directed the parties to pay their own attorney's fees.

Matthew moved for reconsideration, alleging, among other things, that the superior court "mistreated the interim spousal support payments from [marital property] as a property division by reducing the marital estate" and that the court abused its discretion when it did not award him attorney's fees. The court denied Matthew's requests to reconsider spousal support and attorney's fees.

Matthew then moved for an order to show cause, alleging, among other things, that Susan failed to timely pay the installment payments. In February 2011 the superior court held a hearing. Susan asserted that she had made the installment payments and that she had satisfied $23,903 of her obligation by using her separate assets to pay the Girdwood home mortgage — an asset allocated to Matthew in the property division. Matthew argued that the mortgage payments made from the date of trial until the court's property distribution order were spousal support, and could not be counted as part of Susan's installment payments. The court concluded that the mortgage payments partially satisfied Susan's equalization obligation, and explained that if Matthew believed he was still owed spousal support, he could seek additional relief. The court issued a divorce decree that day and an order memorializing its decisions a few days later.

In May 2012, more than a year after the divorce decree and related order, Matthew moved to enforce the superior court's spousal support and property distribution orders. He challenged the court's previous holding that as of February 2010 spousal support had been reduced to $1,000 monthly. In orders dated June 28, 2012, and November 7, 2012, the superior court explained its prior decision to reduce spousal support to $1,000 monthly as of February 2010. On November 30, 2012, Matthew filed his notice of appeal and statement of points on appeal, putatively appealing the court's November 2012 order.

Matthew raises three arguments on appeal; he contends the superior court erred by: (1) reducing the marital estate with Susan's Girdwood mortgage payments and failing to enforce the interim spousal support order; (2) concluding that Susan satisfied her installment payments obligation; and (3) refusing to award Matthew attorney's fees. Susan argues that each of Matthew's arguments on appeal is untimely. We agree.

"Whether an appeal is timely is a question of law."[1] Alaska Appellate Rule 204(a)(1) provides in relevant part: "The notice of appeal shall be filed within 30 days from the date shown in the clerk's certificate of distribution on the judgment appealed from . . . ." Matthew filed his appeal within 30 days from the court's November 7, 2012 order, but he did not appeal within 30 days from its original final judgments.

The court issued judgment on spousal support and attorney's fees in October 2010, and the court denied Matthew's motion for reconsideration in December 2010. The court issued a decree of divorce in February 2011 and contemporaneously ruled that Susan had made the installment equalization payments. We have explained

---

[1] *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011) (citing *Platz v. Aramburo*, 17 P.3d 65, 68 (Alaska 2001)).

that "[a] divorce decree is a final and appealable order"[2] and that "[i]n a divorce proceeding where marital property has been divided, a divorce decree incorporating a property judgment constitutes a final judgment."[3]

Matthew appears before us pro se, and we recently noted that:

> Alaska Appellate Rule 502(b)(2) specifically gives us discretion "to validate an act done after the expiration of the time period" upon "a showing of good cause for an out-of-time application for extension of time." And we may relax procedural requirements for pro se litigants in situations that do not involve gross neglect or bad faith.[4]

But Matthew was represented when the superior court issued its marital property decision, and he did not attempt to exercise his right to appeal for more than a year. Matthew's opening brief failed to present any persuasive argument why we should relax the Appellate Rules and accept his untimely appeal. Susan argued in her brief that we should dismiss Matthew's appeal as untimely, yet he chose not to submit a reply brief.

We conclude that Matthew's appeal was untimely filed without justification. Having elected to forgo a timely appeal of the superior court's property distribution and attorney's fees decisions, Matthew cannot now challenge these decisions by appealing the court's later order.

---

[2]   *Jackson v. Sey*, 315 P.3d 674, 678 (Alaska 2013) (citing *Husseini v. Husseini*, 230 P.3d 682, 686 (Alaska 2010)).

[3]   *Williams v. Williams*, 252 P.3d 998, 1005 (Alaska 2011) (citing *O'Link v. O'Link*, 632 P.2d 225, 228 (Alaska 1981)).

[4]   *Briggs v. City of Palmer*, 333 P.3d 746, 748 (Alaska 2014) (footnotes and citations omitted) (quoting Alaska R. App. P. 502(b)(2) and *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1028 (Alaska 2009)).

## CONCLUSION

Because this appeal is untimely filed without justification, it is DISMISSED.

*1530*