NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIE K. JACKSON, | ) | |
| | ) | Supreme Court No. S-15838 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-08-04884 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| AMIE SEY, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1589 – June 15, 2016 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: Willie K. Jackson, pro se, Seagoville, Texas, Appellant. No appearance by Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, and Bolger, Justices. [Maassen, Justice, not participating.]

## I.    FACTS AND PROCEEDINGS

On October 22, 2003 Willie K. Jackson married Amie Sey.[1] Jackson claimed that he moved in with his uncle about six weeks after the parties were married, and Sey asserted that she and Jackson had never shared a household and that Jackson had not contributed anything to her since at least 2003. Jackson was arrested on federal charges on June 10, 2004 and was incarcerated.

---

*    Entered under Alaska Appellate Rule 214.

[1]    Amie Sey was formerly known as Amie Jackson, but the court restored her previous last name during the divorce proceedings.

In February 2008 Sey filed for divorce. The superior court granted a default divorce on June 9 when Jackson failed to appear or make arrangements to appear telephonically at both the April 28 trial setting conference and the May 29 trial. The court determined that the date of separation was "sometime after Mr. Jackson was arrested." The court further found that the parties had no marital property or debts to divide.

In August 2008 Jackson filed a "Motion For Further Consideration Of Property Division" under Alaska Civil Rule 60(b),[2] arguing that Sey had made

---

[2] Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for

(continued...)

misrepresentations and withheld information about marital property. The court held a hearing on the motion and required Sey to provide the additional financial information Jackson requested. At the conclusion of the hearing, the court gave Jackson 20 days to look at the information provided by Sey and then either withdraw his Rule 60(b) motion or request specific modifications to the divorce decree.

In January 2009 Jackson moved for expanded discovery, and the court denied this motion. Eventually Jackson filed a "Motion For Disclosure Of Previously Requested Discovery From Third Party Due To Lack Of Response From Plaintiff." The court granted this motion, allowing Jackson to access Sey's bank records dating from October 2003 to June 2008.

Over the next year the court heard nothing from Jackson in the way of filings or correspondence, and in February 2011 the court "dismissed" his motion for lack of prosecution under Alaska Civil Rule 41(e)(1)(A).[3] Jackson responded on March 29, asking the court to award him "partial summary judgment" in the amount of

---

[2]      (...continued)
reasons (1), (2) and (3) not more than one year after the date of notice of the judgment or orders as defined in Civil Rule 58.1(c). A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis and audita querela are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

[3]      "The court on its own motion or on motion of a party to the action may dismiss a case for want of prosecution if . . . the case has been pending for more than one year without any proceedings having been taken . . . ." Alaska R. Civ. P. 41(e)(1)(A).

$14,750 "based on the evidence of marital property that can be shown and lack of prosecution on the part of the plaintiff." Jackson based this sum on information he received about Sey's car, tax returns, and credit union bank account.

The court denied this motion, stating that "[t]he divorce and division of property has been ordered. The burden is on the defendant to show that the judgment of the court should be reversed." The court also determined that "[t]he time for appeal would appear to have run long ago. The period for relief from judgment, (Civil Rule 60(b)(6)) seems similarly to be long past." Jackson moved for reconsideration and filed a motion asking the court to "recall the mandate which closed the case . . . due to its exclusion of consideration of [d]iscovery yielded post-[o]rder from [the] [h]earing of December 15, 2008." The superior court denied these motions, explaining that "[n]o good cause was shown" for failure to prosecute.

Jackson appealed to this court in October 2011, challenging, among other rulings, the dismissal of his Rule 60(b) motion and the superior court's finding that his Rule 60(b) motion was untimely. We reversed the superior court's "dismissal" of Jackson's Rule 60(b) motion and remanded the case for consideration on the merits.[4] We held that it was error not to consider Jackson's Rule 60(b) motion on the merits for two reasons. First, the superior court did not appropriately apply Rule 41(e)(1) and (3)[5] for

---

[4]    *Jackson v. Sey*, 315 P.3d 674, 678 (Alaska 2013).

[5]    Rule 41(e)(1) and (3) provide:

(1) The court on its own motion or on motion of a party to the action may dismiss a case for want of prosecution if (A) the case has been pending for more than one year without any proceedings having been taken, or (B) the case has been pending for more than one year, and no trial or mandatory pretrial scheduling conference has been scheduled or

(continued...)

failure to prosecute because a post-judgment Rule 60(b) motion is not "a pending 'case' that is subject to dismissal under Rule 41(e)."[6] Second, while Rule 60(b) motions alleging fraud or misrepresentation made pursuant to Rule 60(b)(3) must be brought within a year of the challenged judgment or order, Jackson had filed his original Rule 60(b) motion two months after entry of the final divorce decree and had responded to the court's 20-day deadline by pursuing further discovery.[7] The court granted one of Jackson's requests for access to Sey's bank records, but the court did not give him a clear deadline.[8] Therefore, Jackson "had no apparent reason to believe that the 60(b) motion, whether adequately supported or not, had not been timely filed."[9]

On remand, the superior court reasoned that "Rule 60(b) authorizes a court on motion to set aside a judgment which is unjust. Under 60(b)(3), the court may relieve a party from a final judgment for 'fraud . . . , misrepresentation, or other misconduct of an adverse party.' " The court ultimately found that "Mr. Jackson ha[d] not produced any information even suggesting that Ms. Sey had committed fraud."

Jackson also claimed that he was entitled to half of anything Sey earned or obtained up to the date of the default divorce because it was marital property, including

---

[5]    (...continued)
       held . . . . (3) If good cause to the contrary is not shown at a call of the calendar or within sixty days after distribution of the notice [to show cause], the court shall dismiss the action. The clerk may dismiss actions under this paragraph if a party has not opposed dismissal.

[6]    *Jackson*, 315 P.3d at 677.

[7]    *Id*.

[8]    *Id*.

[9]    *Id*.

Sey's car and an $8,300 deposit she made in May 2008. The court disagreed and found that the car and the $8,300 deposit were acquired after the date of separation, and therefore they were not marital property.

The court denied Jackson's motion for 60(b) relief from judgment on these grounds. Jackson appeals. We affirm the superior court's dismissal of Jackson's Rule 60(b) motion because the court correctly classified and dismissed Jackson's motion under Rule 60(b)(3).

## II.    STANDARD OF REVIEW

We conduct a de novo review to determine which provision of Rule 60(b) applies to a motion for relief from judgment.[10] "We review for abuse of discretion an order denying a Rule 60(b) motion,"[11] except when reviewing rulings on Rule 60(b)(4)

---

[10]    *See Alaska Fur Gallery, Inc. v. First Nat'l Bank Alaska*, 345 P.3d 76, 84 (Alaska 2015) ("[W]e interpret the civil rules de novo."); *BP Pipelines (Alaska) Inc. v. State, Dep't of Revenue*, 327 P.3d 185, 189 (Alaska 2014) (holding that in the context of awarding fees and costs, " '[w]e apply our independent judgment in reviewing conclusions of law,' which include[] the superior court's decision whether to apply [a particular group of] Civil Rules or [a particular] Appellate Rule" (footnotes omitted) (quoting *Wagner v. Wagner*, 183 P.3d 1265, 1267 (Alaska 2008))); *Aldrich v. Aldrich*, 286 P.3d 504, 508-09 (Alaska 2012) (conducting an analysis of the motion for relief from judgment, finding that it falls under Rule 60(b)(1), and upholding the superior court's conclusion that the motion was untimely).

[11]    *Young v. Kelly*, 334 P.3d 153, 157 (Alaska 2014) (citing *Frost v. Ayojiak*, 957 P.2d 1353, 1355 (Alaska 1998)).

motions.[12]  For the purposes of Rule 60(b), "[w]e will find an abuse of discretion when the decision on review is manifestly unreasonable."[13]  Furthermore,

> [d]etermining the cutoff date for distinguishing marital from non-marital property is a matter for resolution by the trial court on a case-by-case basis; we have declined to treat the matter as an issue of law.  We review the trial court's selection of the cutoff date for segregating marital and non-marital property under the abuse of discretion standard.[14]

## III.   DISCUSSION

### A.   The Superior Court Did Not Err In Its Interpretation Of Jackson's August 2008 Rule 60(b) Motion As Falling Under Rule 60(b)(3).

We conclude that the superior court did not err in its interpretation of Jackson's August 2008 Rule 60(b) motion as falling under Rule 60(b)(3).  Jackson's motion stated:

> The pro se [d]efendant Jackson ask[s] that the [c]ourt allow him redress in accordance with Civil Rule 60 . . . with respect to consideration of the "[p]roperty [i]ssues[]" not covered in the [f]indings and [d]ecree, due to misrepresentation both un[]intended and most certainly fraudulent . . . on behalf of the [p]laintiff Amie [Sey] . . . .

Jackson's motion also referenced "known fraud and some un[]intentional misrepresentations" and "Sey's fraud, misrepresentation, and other misconduct."  The

---

[12]     *See Blaufess v. Bell*, 305 P.3d 281, 285 (Alaska 2013).  Rule 60(b)(4), which involves an allegation that the judgment is void, is not applicable to Jackson's case.

[13]     *Erica G. v. Taylor Taxi, Inc.*, 357 P.3d 783, 786-87 (Alaska 2015) (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015)).

[14]     *Hanlon v. Hanlon*, 871 P.2d 229, 231 (Alaska 1994) (citations omitted).

language in the motion mirrors the exact wording of Rule 60(b)(3).[15] Furthermore, in our first opinion in *Jackson v. Sey*, we agreed with the superior court's interpretation of the motion under Rule 60(b)(3), holding that "the focus of Jackson's motion shows that it was filed pursuant to Rule 60(b)(3)."[16] Based on the similarities between Jackson's motion and the wording of Rule 60(b)(3) and our previous holding regarding the motion, we conclude that the superior court did not err in treating Jackson's August 2008 motion as a pleading under Rule 60(b)(3).

We also conclude that Rule 60(b)(6)[17] does not apply to Jackson's motion. We have held that "[a] party may only obtain Rule 60(b)(6) relief if no other Rule 60(b) clause applies."[18] In other words, Rule 60(b)(6) does not apply if the motion falls under any other prong of Rule 60(b), even if the court later denies the motion under the

---

[15] Rule 60(b)(3) states that the court may relieve a party from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

[16] *Jackson v. Sey*, 315 P.3d 674, 676 n.3 (Alaska 2013).

[17] Rule 60(b)(6) allows the court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."

[18] *Richard v. Boggs*, 162 P.3d 629, 635 (Alaska 2007) (citing *Lacher v. Lacher*, 993 P.2d 413, 419 (Alaska 1999)); *see also Morgan v. Morgan*, 143 P.3d 975, 977 n.10 (Alaska 2006) ("[C]lause (6) does not apply to circumstances covered by the specific clauses of Rule 60(b) that precede it." (citing *Vill. of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266, 1270 (Alaska 1988))).

non-60(b)(6) prong.[19] Since Rule 60(b)(3) applies to Jackson's motion, Rule 60(b)(6) cannot apply.

**B.     The Superior Court Did Not Abuse Its Discretion By Denying Jackson's Rule 60(b) Motion.**

We also conclude that the superior court did not abuse its discretion by denying Jackson's Rule 60(b) motion.[20]     Jackson argued that Sey made misrepresentations and withheld information about their marital property during the 2008 divorce proceeding and, more specifically, that he is entitled to half the value of Sey's car and half the value of an $8,300 deposit she made in May 2008 because these assets are marital property.  The superior court denied Jackson's motion, finding that Jackson's arguments were "meritless."

"One who asserts fraud, misrepresentation or misconduct as a ground for relief under Civil Rule 60(b)(3) has the burden of proving those assertions by clear and convincing evidence."[21]  Applying this precedent, the superior court found that "the burden of proof is on Mr. Jackson[,] and he failed to prove fraud . . . , misrepresentation, or other misconduct by Ms. Sey."  The court explained that apart from the bare allegations in his motion, Jackson had not produced any evidence to suggest that Sey had

---

[19]     *See Aldrich v. Aldrich*, 286 P.3d 504, 508-09 (Alaska 2012) (holding that "[b]ecause [Rule 60(b)](1) applies, [Rule 60(b)](6), relief 'for any other reason,' does not apply" and denying the motion under subsection (1) as untimely); *Powell v. Powell*, 194 P.3d 364, 371 (Alaska 2008) ("Rule 60(b)(6) 'really is not meant to apply when you almost make a (b)(3) showing . . . but not quite, and then you say, well, then you should apply (b)(6) for relief.' " (omission in original) (quoting the superior court below)).

[20]     *Young v. Kelly*, 334 P.3d 153, 157 (Alaska 2014) ("[This court] review[s] for abuse of discretion an order denying a Rule 60(b) motion." (citing *Frost v. Ayojiak*, 957 P.2d 1353, 1355 (Alaska 1998))).

[21]     *Babinec v. Yabuki*, 799 P.2d 1325, 1333 (Alaska 1990) (citing *McCall v. Coats*, 777 P.2d 655, 658 (Alaska 1989)).

committed fraud. The court also noted that it had allowed Jackson to obtain Sey's bank records, but Jackson failed to obtain additional records beyond those Sey provided to him nor did he use the opportunity for discovery to set forth any additional evidence supporting his claims. We conclude that the record fully supports the superior court's determination that Jackson failed to provide evidence to support his allegations and that the court did not abuse its discretion in denying Jackson's Rule 60(b)(3) motion on these grounds.

Furthermore, AS 25.24.160(a)(4) states that "[i]n a judgment in an action for divorce . . . the court may provide . . . for the division between the parties of their property . . . acquired *only during marriage*."[22]  "As a general rule, 'property acquired after separation is properly excluded from the category of marital property.'  Separation occurs when a married couple ceases to function as a single economic unit, which requires a fact-specific inquiry."[23]

In Jackson's case, the superior court determined that the date of separation was sometime after Jackson was incarcerated[24] but before Sey filed for divorce. In

---

[22]    AS 25.24.160(a)(4) (emphasis added).

[23]    *Richter v. Richter*, 330 P.3d 934, 939-40 (Alaska 2014) (footnote omitted) (first quoting *Ramsey v. Ramsey*, 834 P.2d 807, 809 (Alaska 1992); then citing *Hatten v. Hatten*, 917 P.2d 667, 671 (Alaska 1996)).

[24]    We note, however, that one spouse's incarceration does not always or necessarily result in the destruction of the marital economic unit. In this case, the superior court relied on Jackson's testimony that he moved in with his uncle six weeks after the parties were married and Sey's testimony that the parties had been separated since Jackson was incarcerated, that they had never shared a household, and that Jackson had not contributed anything to her since at least 2003. These factors, rather than the incarceration itself, served as the basis for the court's determination of the date of Jackson and Sey's separation, and we find no abuse of discretion with the court's

setting this date of separation, the court cited Jackson's testimony that he moved in with his uncle six weeks after the parties were married and Sey's testimony that the parties had been separated since Jackson was incarcerated, that they had never shared a household, and that Jackson had not contributed anything to her since at least 2003.

Jackson argues that the court erred in holding that the date Sey filed her complaint for divorce was automatically the date of separation. He relies on *Hatten v. Hatten*[25] and states that Alaska courts have "decline[d] to specify, as a matter of law, that the effective date when such earnings become severable from marital property is at separation or at fil[]ing for divorce." But the court did not set the date of separation as the date Sey filed her complaint. Instead, the court determined that the date of separation was sometime after Jackson was incarcerated but before Sey filed for divorce. Jackson also mischaracterizes our holding in *Hatten*. It is true that *Hatten* does not specify a concrete event that marks permanent separation in all divorce cases. But we did emphasize that the date of separation is the date that a marriage terminates as a joint enterprise.[26] In *Hatten*, we listed four dates as potentially relevant in determining the date the marriage terminated as a joint enterprise: the date the parties separated for the first time, the date one party filed for divorce, the date the divorce decree was issued, and the date of trial.[27] We further explained that "[e]ach case must be judged on its facts to

---

[24] (...continued)
decision.

[25] 917 P.2d 667 (Alaska 1996).

[26] *Id*. at 671-72.

[27] *Id*. at 671.

determine when the marriage has terminated as a joint enterprise."[28]  Thus, the superior court has a great deal of latitude in setting the date of separation based on individual circumstances.  Overall, we have declined to set one particular event as marking the date of separation for all divorce cases; instead, such an analysis is fact-specific, and the date of separation — that is to say, the date that the marriage was terminated as a joint enterprise — varies from case to case.

The superior court found that Sey's car and her $8,300 deposit were property acquired after the date of separation.  With regard to the vehicle, Sey testified that Jackson was incarcerated when she bought the vehicle and that he had not made any contributions towards it.  The court found that "the parties were not operating [as] a single economic unit when Ms. Sey purchased the vehicle so it is not a marital asset subject to division."  With respect to the May 2008 deposit of $8,300, the court found that the deposit was not a marital asset because "the parties were separated before Ms. Sey filed her complaint for divorce in February 2008 and Ms. Sey made the deposit months after filing her complaint."

Here, we defer to the superior court under a clear error standard, since it is within the trial court's discretion to "credit[] one version of events over another."[29]  We also conclude that the court did not abuse its discretion in denying Jackson half the value of Sey's car and her $8,300 deposit and denying Jackson's Rule 60(b) motion on the merits.

---

[28]  *Id*. at 671-72 (quoting *Schanck v. Schanck*, 717 P.2d 1, 3 (Alaska 1986)).

[29]  *Hanlon v. Hanlon*, 871 P.2d 229, 232 (Alaska 1994) (citing *Parker v. North Mixing Co*. 756 P.2d 881, 892 (Alaska 1988)).

**C.     Judge Easter Did Not Err In Ruling On Jackson's Rule 60(b) Motion.**

Finally, Jackson argues that Superior Court Judge Easter (who was assigned responsibility for Jackson's case after Superior Court Judge Michalski — the originally assigned trial judge — retired) has no authority to "modify any decree from the Original Trial Court." Jackson also appears to argue that Judge Easter failed to comply with our remand order. Neither argument has merit. Judge Easter ruled on Jackson's Rule 60(b)(3) motion as we directed in our remand order;[30] we did not instruct the trial court to reach any particular result, and, as we have explained above, Judge Easter neither erred nor abused her discretion in dismissing Jackson's Rule 60(b)(3) motion.

## IV.    CONCLUSION

We AFFIRM the superior court's dismissal of Jackson's Rule 60(b) motion.

---

[30]     *Jackson v. Sey*, 315 P.3d 674, 678 (Alaska 2013).